Maurico Pryour MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 62015.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 22, 1982.

Rehearing Denied Nov. 10, 1982.

274

Doug Capuder, Houston, for appellant.

Carol S. Vance, Dist. Atty. & Michael Kuhn and Mack Arnold, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W.C. DAVIS and TEAGUE, JJ.

### OPINION

W.C. DAVIS, Judge.

This is an appeal from a conviction for possession of heroin. Punishment, enhanced by a prior conviction, was assessed by the jury at 99 years' confinement.

In his first ground of error, appellant contends that the trial court erred by failing to grant his pre-trial motion to suppress evidence as the description of the place to be searched contained in the search warrant and affidavit supporting the warrant is insufficient.

The warrant describes the place to be searched as follows:

"... a private residence located at 1003 Harrington. This private residence is described as being a two story pink frame house with a green roof, located on the North side of the street facing South, with the numbers 1003 visible in the front yard, and the house being situated in the city's North side ... which said Morris Morales, ... now possess (sic), occupies, controls and has charge of."

The appellant argues that although the warrant describes the premises to be searched as a private residence, the proof proffered during the pretrial hearing showed that the premises was a multi-family dwelling and that the appellant's apartment was not the only unit searched.

At the pre-trial hearing, Mrs. Lillian Morales testified that she owns the house at 1003 Harrington and resides in the upstairs apartment. The appellant and his wife rented the apartment on the first floor from Mrs. Morales. A first-floor room with a separate entrance was rented to an elderly woman. Mrs. Morales also stated that an outside stairway leads to her upstairs apartment; however, no stairway inside the building connects her apartment to the appellant's on the first floor.

Officer M. K. Jordan, of the Houston Police Department, when questioned by the appellant's attorney, testified as follows:

"Q. Were you told what part of the house they occupied?

A. Downstairs in the door.

Q. Were you informed as to who lived upstairs?

A. I don't recall.

Q. Did you make any investigation as to whether or not there were separate utility lines running into this residence?

A. No, sir, I don't believe I did.

\* \* \* \* \* \*

Q. But in reading the search warrant, Officer Jordan, were you not under the warrant given the authority to search the entire residence at 1003 Harrington?

A. Yes, sir, I believe so.

Q. In fact, did you not—did not one of the officers present enter the apartment occupied by Mrs. Morales?

A. The whole address at 1003 Harrington was searched to our satisfaction.

Q. Does that include the apartment occupied by Mrs. Morales?

A. That includes the address at 1003 Harrington.

Q. Does it include the second floor?

A. Yes, sir, that's part of 1003 Harrington."

The purpose of a search warrant is two-fold: "to ensure that there is adequate probable cause to search and to prevent the mistaken execution of the warrant against an innocent third party." *Bridges v. State,* Tex.Cr.App., 574 S.W.2d 560, 562 (1978). The description of the place to be searched serves to prevent the mistaken execution of a warrant against an *innocent third party.* Therefore, to be sufficient, such description must apprise the police of where they are to conduct the search. See *Palmer v. State,* 614 S.W.2d 831 (Tex.Cr.App.1981); *Haynes v. State,* 475 S.W.2d 739 (Tex.Cr.App.1971).

Where the warrant describes a multi-unit dwelling, the description therein must contain sufficient guidelines to apprise the officers executing the warrant of the *particular* unit to be searched. See *Haynes v. State,* supra; *Tyra v. State,* Tex. Cr.App., 496 S.W.2d 75, cert. denied, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247 (1973).

In the instant case, however, the officers executing the warrant did not limit their search to the particular unit occupied by the appellant as the description contained in the warrant was not sufficiently specific. On the contrary, the officers searched the entire house including the upstairs apartment, occupied by Mrs. Morales; a unit not intended to be searched.

The facts in the instant case present an example of the purpose for which an accurate description in a search warrant is required: "to prevent the mistaken execution of the warrant against an innocent third party." *Bridges v. State,* supra at 562. The inadequate description of the place to be searched in the instant case led to the search of an innocent third party and a residence not intended to be searched. We hold that the trial court erred by refusing to grant appellant's pre-trial motion to suppress. The judgment is reversed and the cause remanded to the trial court.