Donte Torme **TERRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–96–00100–CR.

Court of Appeals of Texas, Texarkana.

Submitted June 25, 1997.

Decided June 26, 1997.

Patricia Fortney Sedita, Houston, for appellant.

Rikke Burke Graber, Assistant District Attorney, Houston, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Donte Terrell appeals from his conviction for possession of between one and four grams of cocaine, with intent to deliver. Terrell raises three points of error in which he contends that the evidence is legally and factually insufficient to support a finding that he possessed the cocaine, and that the court erred by refusing to permit him to impeach a witness with a prior inconsistent statement.

The evidence produced at trial showed that at around 1:30 a.m. on April 26, 1996, a security guard for an apartment complex, who was sitting in an automobile with a reserve sheriff's deputy, saw Terrell and his brother, Bryant Terrell, drive into the park-

ing lot. Terrell and his brother both got out of the car, and the brother took a clear plastic bag containing a white powder and gave it to Terrell, who stuck the bag into his pants. The officers approached, and the two ran. Donte Terrell climbed a nearby fence, and was caught by the security guard. Terrell pulled the bag out of his pants and threw it toward his brother. His brother picked the bag up from the ground and ran, with the other officer in pursuit. The officer lost sight of Bryant Terrell for ten to fifteen seconds when he went around the corner of a building. When he saw Bryant Terrell again, he had a pistol in his hand. The officer called for assistance, and both suspects were captured.

When searched, neither suspect had a plastic bag. After searching the grounds, officers found a clear plastic bag that was shown to contain 102 grams of cocaine lying on the patio of an apartment that Bryant Terrell passed by as he was running from the officer. They also found a second bag containing cocaine, and a third bag that was empty.

The officers also testified they believed the plastic bag thrown by Donte Terrell had split open when it landed on the ground, and accordingly they checked the ground where it fell. A white powdery substance was found there, which field testing showed to be cocaine. An officer scraped up as much of the powder as possible, eventually obtaining 3.2 grams of 77.3% pure cocaine.

The trial court did not find Terrell guilty of possessing the bag of cocaine, but instead found him guilty of possessing between one and four grams of cocaine, apparently the amount found on the ground where the bag Terrell threw had landed.

 Terrell complains in his first two points of error that the evidence is legally and factually insufficient to support the verdict. In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), and *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991), and determine whether, after viewing the evidence in the light most favorable to the prosecution, any ration-

al trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In our review of the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Jones v. State*, 944 S.W.2d 642, (Tex.Crim. App.1996); *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). If we find factual insufficiency, we reverse the conviction and remand for a new trial. *Jones v. State, supra; Clewis v. State, supra.*

 Conflicts in the evidence are to be resolved by the fact finder. In doing so, it may accept one version of facts and reject another or reject any of a witness' testimony. *Penagraph v. State*, 623 S.W.2d 341 (Tex. Crim.App. [Panel Op.] 1981). The fact finder has the right to judge the credibility of the witnesses and the weight to be given their testimony, and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions as it sees fit. *Banks v. State*, 510 S.W.2d 592 (Tex.Crim.App.1974).

 When evidence both supports and conflicts with the verdict, we must assume that the fact finder resolved the conflict in favor of the verdict. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App.1993).

 Terrell's argument is based on the fact that he was never connected to any of the bags found by the police. He therefore contends that the evidence does not support the court's finding that he was in possession of cocaine. He further argues that the evidence could not support a finding that he possessed between one and four grams of cocaine, because the evidence conclusively showed that the bags contained over 100 grams of cocaine.

This argument does not comport with the evidence. Despite the failure to connect the bags of cocaine to him personally, there is clear testimony that Donte Terrell threw a bag containing a white substance, that it broke open on impact with the ground, that the white substance found where the bag broke open was cocaine, and that there was between one and four grams of cocaine re-

covered at that site. This is direct evidence that Terrell possessed the alleged amount of cocaine, and is legally sufficient to support the verdict. Further, in the complete absence of evidence showing that the fact finder reached its verdict against the great weight of the evidence, the evidence is also factually sufficient to support the verdict.

Terrell next contends that the trial court erred by sustaining the prosecutor's objection to an attempt to impeach a state's witness by a prior inconsistent statement. The security guard, Timothy Matula, had made a statement to police containing information about the distance at which he had seen the Terrell brothers handling the plastic bags, but he allegedly testified to a different and much shorter distance at trial.

■ Initially, we note that this question was not asked by Donte Terrell's counsel. This was a joint trial in which both of the Terrell brothers were tried.[1] This line of questioning was pursued by Bryant Terrell's attorney. The State urges us to hold that error has not been preserved, relying on cases holding that if counsel for one defendant in a multiparty case does not adopt an objection by the other party's counsel, then error has not been preserved as to the non-objecting party. *Martinez v. State*, 833 S.W.2d 188, 191 (Tex.App.-Dallas 1992, pet. ref'd). Terrell, however, was not in the position of failing to object, or to adopt an objection, but instead simply failed to offer, on his own behalf, the excluded evidence. In that situation, he cannot complain of its exclusion.

■ Moreover, when a party complains that a trial court erred by denying admission of evidence, the party is required to provide that evidence for our review through a bill of exception or some similar method. In this case, the police report that allegedly shows a different reply by the security guard to the question of his distance from the brothers is not before the court. Terrell did not make either a formal or informal bill of exception, and did not attempt to make an offer of proof reflecting the substance of the document.

Accordingly, error was not preserved for review. TEX.R.APP. P. 52; TEX.R.CRIM. EVID. 103; *Love v. State*, 861 S.W.2d 899 (Tex. Crim.App.1993); *Tatum v. State*, 798 S.W.2d 569 (Tex.Crim.App.1990).

The judgment of the trial court is affirmed.

---

1. Bryant Terrell pleaded guilty after the trial began, and the trial ended with only Donte Terrell before the court.