The **STATE** of Texas, Appellant,

v.

Michael **CHAVARRIA**, Appellee.

No. 01–96–01389–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 26, 1997.

Discretionary Review Refused April 29, 1998.

David R. Bires Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Before MIRABAL, O'CONNOR and NUCHIA, JJ.

### OPINION

MIRABAL, Justice.

Appellee Michael Chavarria was charged with the felony offense of possession of a controlled substance with the intent to deliver. The trial court granted Chavarria's motion to suppress. On appeal,[1] the State contends the trial court erred in granting the motion to suppress. We affirm.

1. The State appeals under TEX.CODE CRIM. P.ANN. art. 44.01(a)(5) (Vernon Supp.1998).

On May 31, 1996, the Houston Police Department executed a search and arrest warrant upon Chavarria and his home. Quantities of cocaine and marihuana were recovered in this search. The search warrant description was based on information given to the police by a confidential informant. The police had not seen the premises until the day of the search.

The search warrant described the premises as follows:

[T]he garage house located at 2518 Arlington, Houston, Harris County, Texas, more fully described as being a two story, wood frame garage painted light blue with white trim. The stairs are located on the side of the garage that lead to the second floor which is numbered 2518. The front door of the residence faces south with the garage being on the east side of the street. The room is located above the garage.

Upon arriving at Arlington Street, the police became aware that 2518 Arlington did not exist. The police located and searched 2508 Arlington Street instead.[2] The structure at 2508 Arlington was on the east side of the street, was wood framed, and was painted light blue with white trim, like the premises described in the warrant. However, at 2508 Arlington, there was no garage with stairs on the side leading to the second floor. Additionally, the doorway at 2508 Arlington faced west, rather than south. Further, this door was solid, prohibiting a visual inspection of the interior of the apartment, so no interior stairs were visible. At the scene, the police also discovered that 2508 Arlington was affixed to another residential unit, 2506 Arlington. Together, the two residences are a duplex structure. The unit at 2506 Arlington appears to be one-story with an attached carport. The door at 2506 Arlington is also solid, prohibiting visual inspection of the interior. Additionally, this door faces

2. The structure containing 2506 Arlington and 2508 Arlington was the only other structure resembling the description in the warrant.

south, similar to the door described in the warrant. The officers had not gone to the 2500 block of Arlington prior to the execution of the warrant; the confidential informant had not physically pointed out the structure to be searched. Rather, the officers relied solely on the language in the search warrant.

At the motion to suppress hearing, the officer in charge of the search stated that he searched 2508 Arlington rather than 2506 Arlington based on the description he was given by his informant that was in the search warrant, as well as by using his own reasonable deduction. The trial court found the decision to search 2508 Arlington was unreasonable based on the facts and circumstances at hand, especially in light of the information given to the officer by the informant, compared to the actual physical scene searched. The trial court also found that the discrepancies should have been investigated prior to the search. Additionally, the trial court focused on the fact that there was no way to know which door led upstairs without opening one of the two doors. Thus, the trial court granted the motion to suppress.

■ We generally review a trial court's ruling on a motion to suppress for abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Long v. State*, 823 S.W.2d 259, 277 (Tex.Crim.App. 1991). The trial court abuses its discretion only if it acts arbitrarily and unreasonably, without reference to any guiding rules or principles. *Breeding v. State*, 809 S.W.2d 661, 663 (Tex.App.—Amarillo 1991, pet. ref'd).

■ It has recently been held, however, that *de novo* review applies to a trial court's determination of reasonable suspicion and probable cause. *Ornelas v. United States*, 517 U.S. 690, ——–——, 116 S.Ct. 1657, 1661–63, 134 L.Ed.2d 911 (1996); *Guzman v. State*, 955 S.W.2d 85, 87–89 (Tex.Crim.App.1997). This is because the determination of reasonable suspicion and probable cause requires the ap-

plication of law to facts. *Ornelas*, 517 U.S. at ——–——, 116 S.Ct. at 1661–62; *see Guzman*, at 89. Similarly, the present case involves "mixed questions of law and fact," also known as the "application of law to fact questions." Where the resolution of mixed questions of law and fact turns on an evaluation of credibility and demeanor, we should afford almost total deference to the trial court's fact findings; otherwise, we may review them *de novo*. *Id.* We still review the evidence presented at the suppression hearing in the light most favorable to the trial court's ruling. *Id.* at 89; *Villarreal*, 935 S.W.2d at 138.

In its sole point of error, the State alleges the trial court erred when it granted Chavarria's motion to suppress. The State argues that the descriptions given in the warrant and the attached affidavit were sufficient to legally allow the search of Chavarria's premises located at 2508 Arlington Street.

A search warrant is considered sufficient, under Texas Code of Criminal Procedure article 18.04, if it identifies, as near as may be, that which is to be seized and names or describes, as near as may be, the person, place, or thing to be searched. Tex.Code Crim.P.Ann. art. 18.04.(2) (Vernon 1977).

■ When testing the sufficiency of a warrant, the court uses a two prong test. First, the warrant must be sufficient to enable the executing officer to locate and distinguish the property from others in the community. *Etchieson v. State*, 574 S.W.2d 753, 759 (Tex.Crim.App.1978). Second, it must protect innocent parties from a reasonable probability of a mistaken execution of a defective warrant. *Bridges v. State*, 574 S.W.2d 560, 562 (Tex. Crim.App.1978). However, technical discrepancies in the descriptive portions of a search warrant will not automatically void a warrant. *Bridges*, 574 S.W.2d at 562.

■ The structure, in the present case, was a duplex. Where a warrant describes a multi-unit dwelling, the de-

scription must contain sufficient guidelines to apprise the officers executing the warrant of the particular unit to be searched. *Morales v. State,* 640 S.W.2d 273, 275 (Tex. Crim.App.1982); *Jones v. State,* 914 S.W.2d 675, 678 (Tex.App.—Amarillo 1996, no pet.). In this case, the trial court did not base its decision on the officer's inability to distinguish this structure from other separate structures in that area, as required by the first part of the test. Rather, the trial court was concerned with the possible invasion of privacy that could have occurred from a mistaken execution at 2506 Arlington, the other residence in the structure. In order to protect against this possibility, the search warrant needed to be particular concerning which unit was to be searched. *Morales,* 640 S.W.2d at 275.

In the warrant, the door to be entered faced south.[3] The door the police actually entered faced west. Because both of the doors were solid, there was no way for the officers to know which of the two doors, if either, would lead upstairs. Therefore, the possibility of the invasion of the privacy of an innocent party within the duplex was too great to validate the search without further inquiry by the officers.

The State contends that *Cannady v. State* would require the duplex to be viewed as one entity. 582 S.W.2d 467, 468–69 (Tex.Crim.App.1979). In *Cannady,* walls between two offices had been removed to create one large office with two doors and separate addresses. In the present case, the dwellings were two completely separate and distinct residences, with no other connection than the walls between them. Thus, the two separate residences in this duplex could not possibly be viewed together as one residence so as to validate this search.

The evidence supports the trial court's finding that this search was invalid. Whether we review the sufficiency of the warrant *de novo,* or apply the "abuse of discretion" standard of review, we conclude the trial court did not err when it granted Chavarria's motion to suppress. Accordingly, we overrule the State's sole point of error.

---

**3.** Incidentally, the door to 2506 Arlington     faced south.