Leonel GONZALEZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–460–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 13, 1998.

Jo Ellen Hewins, J.A. Tony Canales, Canales & Simonson, P.C., Corpus Christi, for appellant.

Robert E. Bell, Criminal Dist. Atty., Edna, Jim Vollers, Austin, for state.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

YANEZ, Justice.

A jury found Leonel Gonzalez, Jr., guilty of possession of no more than five pounds of marihuana. TEX. HEALTH & SAFETY CODE ANN. § 481.121(4) (Vernon Supp.1998). The trial court sentenced him to five years in the Institutional Division of the Texas Department of Criminal Justice, plus a $3000 fine. By three points of error, Gonzalez claims the court erred in denying his motion to suppress and in restricting his cross-examination of arresting officers. We affirm.

At 11:31 p.m. on February 4, 1994, Texas Department of Public Safety (DPS) Trooper Donald Plunkett pulled over a truck tractor traveling north on U.S. highway 59 at FM 710 in Jackson County, Edna, Texas. According to Trooper Plunkett, he stopped the truck because it displayed no registration and was in violation of some equipment requirements. Gonzalez was the driver of the truck. A video camera in Trooper Plunkett's patrol vehicle was recording the stop. Plunkett issued a warning ticket to Gonzalez and requested permission to search the vehicle. Gonzalez consented, but when Plunkett asked for permission to search a suitcase found inside the tractor cabin, Gonzalez declined. Instead, Gonzalez described the contents inside and opened it for Plunkett to view at a distance. As DPS Trooper Frank Allen Rios arrived at the scene to assist Plunkett, the video camera recording events stopped working. In Rios's presence, Plunkett again asked Gonzalez for permission to search the suitcase. According to Plunkett, Gonzalez agreed, and Plunkett discovered marihuana hidden in it. The video began functioning again in time to record the remainder of the stop.

By his first point of error, Gonzalez claims the court erred in denying his motion to suppress the marihuana as the fruit of an illegal detention. Gonzalez claims that Plunkett "determined to stop Defendant and then looked for a pretext to effectuate the stop," explaining that Plunkett's assertion that the truck was not properly registered proved to be unfounded. Gonzalez further argues that upon completing the traffic investigation, Plunkett should have let him go because no probable cause for arrest had been established. Gonzalez then argues that the "consent" to the second request for permission to search the suitcase resulted from the exploitation of this illegal detention. By his second point of error, Gonzalez claims the court erred in denying him the opportunity to cross-examine the arresting officers on a matter crucial to the motion to suppress. He argues that testimony by Troopers Plunkett and Rios as to any basis for detaining him after the warning ticket had been issued would have helped to establish this defensive theory of illegal detention, but that the court erroneously sustained objections to his questions about this matter.

■■■ We review evidentiary rulings by a trial court under an abuse of discretion standard. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App.1993) (relying on TEX. R.CRIM. EVID. 104(a)). In keeping, a trial court's ruling on a motion to suppress is reviewed under that standard. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). In reviewing a ruling on a motion to suppress, we view the evidence in a light most favorable to the court's ruling, *Owens v. State*, 875 S.W.2d 447, 450 (Tex.App.—Corpus Christi 1994, no pet.), and the trial court abuses its discretion only if it acts without any guiding rules or principles, or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex.Crim.App. 1990). In the motion to suppress context, the trial judge is the exclusive trier of fact, and she determines the credibility of witnesses and the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Owens*, 875 S.W.2d at 450. Despite the deference afforded to a trial court's determination of historical facts supported by the record and to fact findings based on evaluations of credibility, however, we may review *de novo* mixed questions of law and fact which do not turn on matters of

witness credibility. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

Searches and seizures generally must occur pursuant to warrants based upon probable cause. U.S. Const. Amend. IV; *Mapp v. Ohio,* 367 U.S. 643, 660, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) (incorporating the exclusionary rule aspect of the Fourth Amendment into Fourteenth Amendment limitations upon states); Tex. Const. art. 1, § 9. Probable cause will exist where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe an offense has been or is being committed. *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Hughes v. State,* 878 S.W.2d 142, 154 (Tex. Crim.App.1992). Temporary detentions of persons for the purpose of additional investigation, however, may be justified on circumstances which fall short of probable cause. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Stone v. State,* 703 S.W.2d 652, 654 (Tex.Crim.App.1986). In order to justify such an intrusion upon an individual, the officer must have specific articulable facts, which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion. *Terry,* 392 U.S. at 21.

The record reflects undisputed testimony that Trooper Plunkett observed no registration displayed on the front of the tractor Gonzalez was driving, and that this would have been a lawful basis for a stop. We therefore hold that the fact the vehicle may actually have been registered did not retroactively dissolve the probable cause for the stop.

According to his testimony at the suppression hearing, Plunkett initially requested permission to search Gonzalez's vehicle after he issued Gonzalez a warning ticket for equipment violations. Examining both Plunkett and Rios, counsel for Gonzalez repeatedly attempted to determine whether Plunkett already had determined that he wanted to search the vehicle when he (Plunkett) issued Gonzalez the warning ticket. The prosecution objected each time, claiming the testimony sought would be irrelevant and immaterial. The court sustained each objection.

Despite its Sixth Amendment right of confrontation implications, Gonzalez's complaints about these limitations of his cross-examination are cast solely in terms of an evidentiary ruling. Upon examination of the record, we find that Gonzalez did not file bills of exception to complain about the cross-examination testimony that would not otherwise appear on the record because of the court's ruling. Thus, we would be precluded from assessing the import or significance of this excluded testimony, even if the court erred in limiting the cross-examination. Accordingly, we hold that Gonzalez failed to preserve this complaint. Tex.R.App. P. 33.2; *Terrell v. State,* 949 S.W.2d 49, 52 (Tex. App.—Texarkana 1997, no pet.).

The record further reflects Plunkett's testimony that he observed or discerned the following in the course of his stop of Gonzalez up to the point of the warning ticket: Gonzalez was nervous and overly-friendly toward him; his log book was incomplete; he stated he had picked up the truck in Pharr, Texas and was taking it to Mt. Jackson, Virginia to get it painted; he stated that somebody had dropped the vehicle off in the Valley and that he (Gonzalez) picked it up at the Pan American Hotel; he stated D.L. Burch was the owner of the vehicle and was traveling ahead of him northbound on U.S. highway 59; there were scratch marks on the inside of the truck's tires and some lug nuts on the truck's wheels were missing. Plunkett testified that he had worked drug interdiction for ten years. Gonzalez's over-friendliness and nervousness, in Plunkett's assessment, were consistent with criminal behavior. Plunkett testified that he believed taking the tractor "deadhead," *i.e.,* without a trailer, all the way to Virginia to get it painted was unusual and not cost-efficient. He also testified that the marks on the tires and missing lug nuts were consistent with the hauling of drugs in tires. Plunkett's testimony as to these matters was not controverted.

While we would reject "over-friendliness" as a trait consistent with criminal behavior and would view Plunkett's observation

of Gonzalez's nervousness as merely conclusory, Plunkett did testify as to the predicate for his request for permission to search Gonzalez's vehicle, *i.e.,* his mental processes relating to the issuance of a warning ticket and his suspicion that Gonzalez was connected with drugs were made a matter of record. We hold that particular information Plunkett acquired from Gonzalez during the stop for equipment/traffic violations gave him reasonable suspicion to detain Gonzalez for the purpose of requesting permission to search the vehicle, to wit: the scratch marks near the tire and the missing lug nuts and Gonzalez's driving of the tractor "deadhead" from the Rio Grande Valley of Texas to Virginia to get it painted. Hence, there was no illegal detention.

Because Gonzalez casts his challenge to the consent he gave as contingent on a holding that he was illegally detained, we need not address this argument. TEX.R.APP. P. 47.1.

Point of error one is overruled.

By our disposition of these points, we need not reach Gonzalez's third point of error, which challenges the sufficiency of the evidence absent the seized marihuana. TEX. R.APP. P. 47.1.

The judgment of the trial court is AFFIRMED.