NUMBER 13-98-480-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



KELVIN BREE, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 23rd District Court 

of Matagorda County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Justices Hinojosa, Yañez, and Rodriguez 

Opinion by Justice Rodriguez 





A jury found Kelvin Bree, appellant, guilty of possession of cocaine in an amount of
four grams or more, but less than two hundred grams,(1) and
assessed punishment, enhanced by two prior felonies, at forty-five years confinement. By
three points of error, appellant complains the trial court erred in overruling his motion
to suppress evidence obtained during the search of a house. We affirm. 

After obtaining a warrant authorizing the arrest of appellant and the seizure of
"crack cocaine/powder cocaine" from premises described in the underlying
affidavit, police officers searched the premises, arrested appellant, and seized cocaine,
baking soda, ziploc bags, glass measuring cups, a microwave oven, and a lock box
containing $140 in cash, jewelry, watches, and ammunition. In the affidavit supporting the
warrant, Sergeant Robert Galvan stated that, based on facts provided by a confidential
informant, he had probable cause to believe appellant was in possession of crack
cocaine/powder cocaine. The affidavit identified the premises to be searched as, "[a]
single dwelling residence black and white in color with wood trim in front of house and
black trim around the house, located at 817 Rear Duncan St. Bay City, Texas. (See
Pictures)." Attached to the affidavit was a black and white photograph of a one-story
house. 

The grand jury indicted appellant for possession of a controlled substance, cocaine, in
an amount of four grams or more, but less than two hundred grams. Appellant filed a
pretrial motion to suppress evidence obtained during the search on the basis that, inter
alia, the supporting warrant contained an inadequate description of the premises and
the evidence seized was not in plain view of the police officers. The trial court denied
the motion to suppress and subsequently overruled a similar objection during trial. 

In his first point of error, appellant contends the warrant was defective for want of
an adequate description of the premises, and as a result, evidence seized pursuant to the
warrant was inadmissible as the fruit of an illegal search. Appellant asserts that the
affidavit incorrectly named "817 Rear Duncan" Street as his address, when, in
fact, his address was "817-A Duncan" Street. He also complains that the
affidavit incorrectly described his house as black and white, when it was brown and white,
and that the picture attached to the affidavit did not depict his house. 

A trial court's ruling on a motion to suppress is generally reviewed by an abuse of
discretion standard. See Villareal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996); Gonzalez v. State, 976 S.W.2d 324, 326 (Tex. App.--Corpus Christi 1998, no
pet.). An abuse of discretion occurs where the trial court acts arbitrarily and
unreasonably, without reference to any guiding rules or principles. See Montgomery v.
State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990); Gonzalez, 976 S.W.2d
at 326. In reviewing a ruling on a motion to suppress, we view the evidence in a light
most favorable to the court's ruling. See Gonzalez, 976 S.W.2d at 326; Owens
v. State, 875 S.W.2d 447, 450 (Tex.App.--Corpus Christi 1994, no pet.). The trial
judge is the exclusive trier of fact, and she determines the credibility of witnesses and
the weight to be given their testimony. See Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Owens, 875 S.W.2d at 450. Despite the deference afforded
to a trial court's determination of historical facts supported by the record and to fact
findings based on evaluations of credibility, however, we may review de novo
mixed questions of law and fact which do not turn on matters of witness credibility. See
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Gonzalez, 976
S.W.2d at 326. 

A search warrant must name or identify, as near as may be, the place or thing to be
searched. See Tex. Code Crim. Proc. Ann. art. 18.04(2) (Vernon 1977). Technical
discrepancies in the descriptive portions of a search warrant will not automatically
render the warrant defective. See Bridges v. State, 574 S.W.2d 560, 562 (Tex.
Crim. App. 1978). In describing the place to be searched, a warrant must be sufficient on
its face to enable any executing officer to locate and distinguish the property and avoid
a reasonable probability of mistaken execution. See Etchieson v. State, 574
S.W.2d 753, 759 (Tex. Crim. App. 1978); Mason v. State, 838 S.W.2d 657, 660 (Tex.
App.--Corpus Christi 1992, pet. ref'd). 

The affidavit supporting the warrant in this case identified the premises as "817
Rear Duncan St;" yet, appellant provided evidence that his mailing address was
"817 Duncan A" Street. In support of his contention that the warrant
inadequately described the premises to be searched, appellant directs this Court to State
v. Chavarria, 992 S.W.2d 22, 23-25 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).
In Chavarria, the court of appeals held that the trial court did not err in
granting a motion to suppress when the search warrant described the address as 2518
Arlington, there was no such address, and the structure searched was at 2508 Arlington. We
find Chavarria distinguishable from the facts of this case. First, Chavarria
involved a clearly mistaken address. The warrant in this case, however, generally directed
officers to the proper address, 817 Duncan Street, but specified "Rear" rather
than "A." The evidence shows that there were two houses at 817 Duncan Street
separated by a vacant lot and that appellant's house was behind the other house. In Chavarria,
there were two individuals residing under the same roof of a multi-dwelling unit. See
id. at 23. 

In addition, the warrant in Chavarria described the premises as a garage
having stairs on the side leading to the second floor, and noted that the front door faced
south, when the premises searched had no garage with stairs leading to the second floor,
and the front door faced west, rather than south. See id. In the present case,
the only alleged physical variance between the house searched and the house described in
the affidavit is the color of the trim around the house. Appellant identified two color
photographs of his home showing a brown roof, wood trim around a window, and white trim
around the house. He also identified a photograph of his neighbor's house, which was black
and white. Galvan identified the photograph attached to the affidavit as appellant's
residence. He admitted that the photographs showed appellant's house had white trim,
rather than black as alleged in the affidavit, but stated that the house must have been
painted after the picture was taken. 

As the trial judge in a motion to suppress determines the credibility of witnesses and
the weight to be given their testimony, we conclude the trial court did not err in
determining that the warrant sufficiently described the location to be searched. The
description of the house in the warrant and the photograph attached, coupled with the
substantially correct numerical address lead us to the conclusion that the search and
arrest warrant adequately described the premises to be searched. See State v. James,
848 S.W.2d 258, 261 (Tex. App.--Beaumont 1993, no pet.) (affidavit containing incorrect
numerical address may be valid if it is sufficiently detailed to give reasonably prudent
law enforcement officer confidence in executing warrant). Accordingly, the search warrant
complied with the requirements of article 18.04 of the Texas Code of Criminal Procedure
and the trial court did not abuse its discretion in denying appellant's motion to suppress
and admitting the evidence obtained during the search on this basis. Appellant's first
point of error is overruled. 

By his second point of error, appellant complains that the trial court erred in
admitting evidence obtained during the search that was outside the scope of the warrant,
including the lock box and its contents,(2) baking soda,
ziploc bags, measuring cups, and a microwave oven.(3)
Because the warrant authorized only the seizure of crack cocaine/powder cocaine, appellant
argues the taking of other items not listed on the warrant amounted to an impermissible
general search. 

Generally, Texas law requires probable cause and the issuance of a warrant to establish
the validity of a search. See Joseph v. State, 807 S.W.2d 303, 307 (Tex. Crim.
App. 1991). Texas law further requires that search warrants identify, as near as may be,
that which is to be seized. See Tex. Code. Crim. Proc. art. 18.04(2) (Vernon
1977). General exploratory searches are illegal. See Stanford v. Texas, 379 U.S.
476 (1965). Mere evidence, that is, evidence connected to a crime but not fruits,
instrumentalities, or contraband, see Joseph, 807 S.W.2d at 307, may be seized
despite not being particularly described in the search warrant when: 

the objects discovered and seized are reasonably related to the offense in question, .
. . the officer at the time of the seizure has a reasonable basis for drawing a connection
between the observed objects and the crime which furnished the basis for the search
warrant, and the discovery of such property is made in the course of a good faith search
conducted within the parameters of the search warrant. 



Bower v. State, 769 S.W.2d 887, 906 (Tex. Crim. App. 1989) (citing Warden
v. Hayden, 387 U.S. 294 (1967)); see Joseph, 807 S.W.2d at 307. 

In the present case, the State presented testimony that baking soda is used as a
dilutant for cocaine and that the cocaine found in this case was mixed with a dilutant.
Galvan testified that ziploc bags and measuring cups are "commonly used in the
manufacture--." The baking soda, ziploc bags, and measuring cups constitute drug
paraphernalia. See Tex. Health & Safety Code Ann. 481.002(17) (Vernon Supp.
2000) (defining drug paraphernalia broadly). The presence of drug paraphernalia is a
factor in determining if a defendant had knowledge of possession of the controlled
substance, see Herrera v. State, 561 S.W.2d 175, 179 (Tex. Crim. App.
1978); Nixon v. State, 928 S.W.2d 212, 215 (Tex. App.--Beaumont 1996, no pet.),
which is an essential element of the offense of possession of a controlled substance. See
King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). Because the baking soda,
measuring cups, and ziploc bags could have been used to show appellant knowingly possessed
cocaine, they were reasonably related to the offense of possession of cocaine. In
addition, the officers had a reasonable basis for drawing a connection between these items
and the offense of possession of cocaine. 

Moreover, the discovery of the items was made within the scope of a good faith search
and within the parameters of the search warrant. The search was conducted pursuant to a
valid search warrant. The officers testified that they advised appellant of his Miranda
rights, and that after doing so, appellant admitted he had cocaine and assisted the
officers in finding it. All of the items were found in the course of looking for cocaine.
Therefore, the trial court did not abuse its discretion in overruling the motion to
suppress and admitting evidence seized during the search but not listed on the warrant.
Even assuming any error, we cannot say it affected appellant's substantial rights. See
Tex. R. App. P. 44.2(b). Appellant's second point of error is overruled. 

In his third point of error, appellant contends the trial court erred in admitting
testimony pertaining to items not listed on the search warrant, including baking soda,
measuring cups, and ziploc bags, which tended to portray him as a dealer or manufacturer
of cocaine, when such evidence was irrelevant to the offense of possession of cocaine and
was prejudicial and confusing to the jury. Relevant evidence is evidence having any
tendency to make the existence of any fact that is of consequence to the determination of
the action more probable or less probable than it would be without the evidence. See
Tex. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence. See Tex. R. Evid. 403. An appellate court reviews the trial
court's ruling on whether to exclude evidence under rule 403 by an abuse of discretion
standard. See Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997); Wilks
v. State, 983 S.W.2d 863, 866 (Tex. App.--Corpus Christi 1998, no pet.). The trial
court's determination as to admissibility under rule 403 must be reasonable in view of all
relevant facts. See Rachal v. State, 917 S.W.2d 799, 808 (Tex. Crim. App. 1996); Wilks,
983 S.W.2d at 866. 

In the present case, the baking soda, ziploc bags, and measuring cups, as drug
paraphernalia, were relevant in proving knowledge of possession. See Nixon,
928 S.W.2d at 215. A finding of relevance, however, does not end our inquiry. We must next
determine whether under rule 403, the probative value of the testimony was substantially
outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403. 

During trial, the State offered, and the trial court admitted, a single photograph of
the baking soda, measuring cups, and ziploc bags. The only testimony regarding these items
was from Galvan, who testified that he had numerous hours of training in narcotic
detection and manufacturing, and that the photograph was "a picture I photographed of
some baking soda and ziploc bags along with some . . . measuring cups which are commonly
used in the manufacture--." The prosecutor asked Galvan another question before he
could finish the statement. Considering that the only mention of manufacturing was brief
and ambiguous, we are unable to conclude that the probative value of the testimony was
substantially outweighed by the danger of unfair prejudice. See Tex. R. Evid.
403. 

Appellant also contends testimony regarding the value of the cocaine seized during the
search was irrelevant and prejudicial, as it tended to show he sold cocaine, when he was
only charged with the offense of possession. Testimony concerning the price or value of a
controlled substance is generally relevant and admissible. See Kemner v. State,
589 S.W.2d 403, 406 (Tex. Crim. App. [Panel Op.] 1979) (holding that testimony regarding
value of marijuana recovered from appellant was not reversible error); Martin v. State,
823 S.W.2d 726, 728 (Tex. App.--Waco 1992, pet. ref'd) (finding value of marijuana
admissible). Moreover, the trial court did not err in finding that the probative value of
this evidence was not substantially outweighed by the danger of unfair prejudice. Even
assuming any error, we cannot say it affected appellant's substantial rights. See
Tex. R. App. P. 44.2(b). Appellant's third point of error is overruled. 

The judgment of the trial court is AFFIRMED. 



Nelda V. Rodriguez 

Justice 





Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this the 23rd day of March, 2000. 

1. See Tex. Health & Safety Code Ann. 481.115(d)
(Vernon Supp. 2000). 

2. We note that appellant has waived any error concerning the
admission of the lockbox and its contents. Although appellant filed a pretrial motion to
suppress all evidence seized during the search of his home, he expressly stated he had no
objection when the State offered a photograph of the lockbox and its contents into
evidence and again stated he had no objection when the State offered the lockbox itself
into evidence. See Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985)
(defendant's attorney who affirmatively states he has no objection to admissibility of
evidence when it is introduced at trial, waives his right to object to its admission on
appeal, in spite of prior motion to suppress); Hardin v. State, 951 S.W.2d 208,
210 (Tex. App.--Hous. [14th Dist.] 1997, no pet.). 

3. The microwave oven was neither offered, nor admitted into
evidence. Consequently, appellant's point of error is inapplicable as to the microwave.