NUMBER 13-99-204-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


IDA SANCHEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 148th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 After an adverse ruling on her motion to suppress and pursuant
to a plea bargain, appellant, Ida Sanchez, pleaded guilty to the state jail
felony offense of possession of cocaine.(1) The court assessed
punishment at six years imprisonment. Appellant appeals the denial of
her motion to suppress. See Tex. R. App. P. 25.2. We affirm.

 A trial court's ruling on a motion to suppress is generally reviewed
by an abuse of discretion standard. See Villarreal v. State, 935 S.W.2d
134, 138 (Tex. Crim. App. 1996); Gonzalez v. State, 976 S.W.2d 324,
326 (Tex. App.--Corpus Christi 1998, no pet.). In Guzman v. State, 955
S.W.2d 85, 88-89 (Tex. Crim. App. 1997), the court of criminal appeals
articulated the standard as a bifurcated standard of review, giving
"almost total deference to a trial court's determination of historical
facts" and reviewing de novo the court's application of the law of
search and seizure. Id. The trial court, in this case, did not make
explicit findings of historical fact; therefore, assuming implicit findings
of fact supported in the record that buttress its conclusion, we view the
evidence in a light most favorable to the court's ruling. See Carmouche
v. State, 10 S.W.3d 323, 328-29 (Tex. Crim. App. 2000) (citations
omitted).

 At the hearing on appellant's motion to suppress, Corpus Christi
Police Officer James Gray, Jr., testified that he and Officer Norman
Morton were dispatched to the Midway Club on June 12th, 1998, on
the basis of an anonymous tip in reference to an Hispanic female who
was selling drugs and wearing a white cap and a Reebok T-shirt. 
Officer Gray testified he and Officer Morton drove to the club, went
inside and saw appellant. She matched the description given to the
officers by the dispatcher. Officer Gray approached appellant and asked
"if it would be all right if [she] stepped outside and talked with [them]
for a minute." Officer Gray did not tell appellant she was under arrest. 
He testified that appellant was free to leave had she chosen to do so. 

 Appellant cooperated with the officers and accompanied them
outside. Officer Gray told appellant that they were there in reference to
someone selling drugs, and that she matched the description. Officer
Gray asked appellant "if she had been selling drugs, if she had anything
on her that [they] needed to be concerned about." Appellant told them
she "may have a roach [a marihuana cigarette] or two in [her] purse." 
She handed Officer Gray her purse. He asked appellant if he could look
inside the purse. She consented. When Officer Gray searched
appellant's purse, he found marihuana and a small baggie of powdered
cocaine. Officer Gray testified that if appellant had told him "no, that he
could not look in her purse," he would not have tried to do a
warrantless search.

 Officer Morton's testimony at the hearing regarding the events
that occurred was consistent with that of Officer Gray. Officer Morton
testified appellant gave them her consent to look in her purse. The
officers also testified that no force, coercion, or threat of any kind was
used to obtain appellant's consent. The officers did not promise
appellant anything to get her to open her purse. Additionally, Officer
Morton testified the consent was given freely and voluntarily.

 In a single issue, appellant contends her detention was unlawful,
and the evidence seized during the search was inadmissible. Appellant
claims that the encounter with Officers Gray and Morton constituted an
investigative detention, and, as such, required the officers to have
reasonable suspicion. The State contends that appellant's contact with
police was not a detention, but a consensual encounter which required
neither reasonable suspicion nor probable cause.

 Not every encounter between police and the citizenry implicates
the Fourth Amendment. See Terry v. Ohio, 392 U.S. 1, 16-19 (1968). 
The threshold issue in this case is whether appellant's encounter with
the police officers was a consensual encounter or an investigatory
detention.

 The controlling distinction between a consensual encounter and
an investigative detention is whether a seizure has occurred. See
California v. Hodari D., 499 U.S. 621, 628 (1991). A seizure occurs
when a reasonable person would believe she was not free to disregard
the police and walk away. See id.; Hunter v. State, 955 S.W.2d 102,
104 (Tex. Crim. App. 1997) (citing Florida v. Bostic, 501 U.S. 429, 432
(1991) (citation omitted)). "As in all cases involving a determination of
whether a 'seizure' has occurred for Fourth Amendment purposes, the
particular encounter is assessed by looking at the totality of the
circumstances." Hunter, 955 S.W.2d at 104 (citing Bostic, 501 U.S. at
439).

 In the present case, both officers testified, without contradiction,
that Officer Gray approached appellant and asked her if it would be all
right if she stepped outside the club and talked with them. She agreed
to talk with the uniformed police officers, clearly giving her consent to
answer their questions. Once outside, the officers told her why they
were there and asked if she had anything they needed to know. 
Appellant told them she had several "roaches" in her purse, and
consented to a search of her purse. Appellant was not required to
accompany the officers outside or to speak with them. Had appellant
refused consent, Officer Gray would not have tried to look in her purse. 
Appellant voluntarily gave her permission to search the purse, and no
force or threat was made, or promises used, to obtain that consent.

 Based on the totality of the circumstances, we conclude there was
no seizure in this case. A reasonable person would have believed she
was free to disregard the police officers at any time during the
encounter, and walk away. Thus, the encounter between the police
officers and appellant was a consensual encounter, not an investigative
detention, and this consensual encounter resulted in appellant
consenting to a search of her purse which contained marijuana
cigarettes and cocaine.

 Appellant also argues that the officers lacked the required
reasonable suspicion because they did not independently investigate to
corroborate the anonymous report. See Terry, 392 U.S. at 21 (for
investigative detentions to be legal, particular levels of suspicion are
required); see also United States v. Sokolow, 490 U.S. 1, 7 (1989)
(police can stop and detain a person for investigative purposes if officer
has reasonable suspicion supported by articulable facts that criminal
activity "may be afoot," even if the officer lacks probable cause); Florida
v. J.L., 120 S. Ct. 1375, 1378-79 (2000) (holding stop was invalid
because anonymous tip provided no predictive information leaving
police without means to test the informant's knowledge and credibility). 
However, in a consensual encounter police are not required to possess
any particular level of suspicion because citizens are under no
compulsion to remain. See Johnson v. State, 912 S.W.2d 227, 235
(Tex. Crim. App. 1995); Hawkins v. State, 758 S.W.2d 255, 259 (Tex.
Crim. App. 1988). Therefore, having concluded this was a consensual
encounter, we do not reach appellant's argument. There was no
intrusion upon appellant's liberty or privacy as would require a
particular level of suspicion on the part of the police officers. See U.S.
v. Mendenhall, 446 U.S. 544, 555 (1980).

 Accordingly, we conclude the trial court did not abuse its
discretion when it denied appellant's motion to suppress and admitted
the evidence obtained from the search of her purse. Appellant's sole
issue is overruled.

 We AFFIRM the judgment of the trial court. 

 NELDA V. RODRIGUEZ

 Justice





Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 31st day of August, 2000. 

1. See Tex. Health & Safety Code Ann. § 481.115(a),(b) (Vernon
Supp. 2000).