**Joe Gail DUNCAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–05–00147–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Nov. 29, 2005.

Decided Dec. 9, 2005.

Kathryn B. Moon, R. Daryll Bennett, Bennett Law Office, Longview, for appellant.

Michael E. Jimerson, Dist. Atty., Henderson, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Daphne Folmer, Joe Gail Duncan's girlfriend, was in jail. While there, Folmer told authorities that Duncan kept in his pickup truck pornographic photographs of her minor daughter, that Folmer had sold

these photographs to Duncan, and that he also kept in the truck similar photographs of other minor females. On the basis of Folmer's report, officers sought and were issued a warrant to search Duncan's truck. That search turned up child pornography, which was ultimately used as evidence in Duncan's trial for sexual performance by a child. Duncan gave a statement to officers, which was also used as evidence at trial. Duncan pled guilty, and the jury assessed his punishment at fifteen years' imprisonment. On appeal, Duncan challenges the admissibility of his statement and of the evidence found in his truck. We affirm the judgment of the trial court because we hold the trial court was within its discretion in (1) denying the motion to suppress the evidence recovered from Duncan's truck and (2) admitting Duncan's statement.

*(1) The Trial Court Was Within Its Discretion in Denying the Motion To Suppress the Evidence Recovered from Duncan's Truck*

Duncan challenges the search warrant with a three-pronged attack, asserting that the affidavit used to obtain the warrant did not describe the location of the vehicle to be searched, did not recite when Folmer sold the pictures to Duncan, and did not indicate when Folmer last saw the pictures in Duncan's truck. We hold the warrant was properly issued because the warrant affidavit sufficiently (a) described Duncan's truck and (b) stated facts providing probable cause to believe contraband was in the truck.

■■■ In determining whether an affidavit provides probable cause for issuance of a search warrant, we are limited to the four corners of the affidavit; but "we do not place blinders on the process whereby a neutral and detached magistrate must decide whether there are sufficient facts stated to validate the issuance of a proper warrant." *Gibbs v. State,* 819 S.W.2d 821, 830 (Tex.Crim.App.1991). The affidavit itself should be interpreted in a common-sense and realistic manner, and the reviewing magistrate may draw reasonable inferences from the statements made in the affidavit. *Id.* We should pay great deference to a magistrate's determination of probable cause and should not invalidate warrants through hypertechnical interpretation of the supporting affidavits. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (citing *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)).

■■■ In *Gates,* the United States Supreme Court reaffirmed the traditional standard for reviewing an issuing magistrate's probable cause determination. The Court indicated that a warrant would be valid so long as the magistrate had a substantial basis for issuing the warrant, concluding that, under the totality of the circumstances, a search would uncover evidence of wrongdoing. *Gates,* 462 U.S. at 236–38, 103 S.Ct. 2317 (citing *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)). The totality of the circumstances includes the credibility and reliability of the informant and the informant's information, as well as the basis for the informant's knowledge. *See Gates,* 462 U.S. at 230–31, 103 S.Ct. 2317; *Osban v. State,* 726 S.W.2d 107 (Tex.Crim. App.1986), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991). We affirm the trial court's ruling if the ruling is reasonably supported by the record and is correct on any theory of law applicable to the case. *Roberts v. State,* 963 S.W.2d 894, 903 (Tex.App.-Texarkana 1998, no pet.).

*(a) The Affidavit Sufficiently Described Duncan's Truck*

■ Duncan claims the affidavit inadequately describes the place to be searched because it does not indicate where Duncan's truck was to be found. We disagree and find the truck adequately described.

■ The affidavit describes the truck in this way:

1. There is in Rusk, [sic] County, Texas, a suspected place and premises described and located as follows[:]
A 1999 blue GMC pickup truck bearing Texas license plates 3FSW21, registered to Joe Gail Duncan, white/male, 4508 CR 407 S., Henderson. Said 1999 pickup truck contains at least one briefcase and Walmart shopping bag.

. . . .

[Named informant,] Daphne Folmer described Joe Gail Duncan's pickup as a blue GMC. Affiant is further aware that officers were able to locate the blue GMC pickup truck and confirm the above listed registration and that it is registered to the said Joe Gail Duncan.

The reason a warrant must "particularly describe the place to be searched" is to avoid general warrants. *Long v. State,* 132 S.W.3d 443, 447 n. 12 (Tex.Crim.App. 2004); *Rodgers v. State,* 162 S.W.3d 698, 709 (Tex.App.-Texarkana 2005, pet. granted).

Of course, "[a] search made under authority of a search warrant may extend to the entire area covered by the warrant's description." And, when courts examine the description of the place to be searched to determine the warrant's scope, they follow a common sense and practical approach, not a "Procrustean" or overly technical one.

*Long,* 132 S.W.3d at 448 (citations omitted); *Rodgers,* 162 S.W.3d at 709. The description in the warrant or attached affidavit must be detailed enough so the executing officer can locate the place to be searched and distinguish it from other property, so property of innocent third parties will not be searched. *Bridges v. State,* 574 S.W.2d 560, 562 (Tex.Crim.App. [Panel Op.] 1978); *Etchieson v. State,* 574 S.W.2d 753, 759 (Tex.Crim.App.1978); *State v. Manry,* 56 S.W.3d 806, 809 (Tex. App.-Texarkana 2001, no pet.).

The truck itself is well described—even down to the license plate number—so, under the facts of this case, there was no need for the truck's location to be set out specifically in the warrant or affidavit. Such an added requirement would serve no purpose, and the inherent mobility of a vehicle would make satisfying such a requirement quite difficult. Even so, we note that the affidavit in this case does provide considerable information about the truck's location: that the truck was in Rusk County; that the truck's owner, Duncan, resided at a specified Henderson, Texas, address; and that officers actually located the truck and verified Duncan as the registered owner of it. The affidavit sufficiently describes the pickup truck to be searched.

*(b) The Affidavit Sufficiently Stated Facts Providing Probable Cause To Believe Contraband Was in the Truck*

■ Duncan contends the affidavit provides no substantial basis on which the issuing magistrate could have determined probable cause because it fails to state when Folmer sold the photographs to Duncan and when she last saw the photographs in Duncan's truck. We disagree, since those omissions do not undermine probable cause in this case.

In this regard, the affidavit states,

[Duncan], on or about the 2nd day of July, 2003, in Rusk County, Texas did then and there intentionally and know-

ingly possesses [sic] and conceal [child pornography].

. . . .

Affiant has probable cause for said belief by reason of the following facts[:] Affiant is an investigator for the Rusk County Sheriff's Department, Henderson, Texas. Affiant is a certified peace officer under the laws of the State of Texas and has been a certified peace officer for the past 3 years.

Affiant has received information within the past 24 hours from Daphne Folmer, white/female, that the said Daphne Folmer had sold Joe Gail Duncan nude photographs for [sic] her 13 year old daughter, [F.S.] and that Joe Gail Duncan keeps the photographs in a briefcase and Wal–Mart bag inside his pickup truck which is described above.

Affiant believes Daphne Folmer to be a truthful person because Affiant has interviewed Daphne Folmer concerning a pending criminal case and she has not only admitted her involvement to Affiant, she personally showed Affiant and other officers the location of similar photographs in her house. Daphne Folmer told Affiant that she and the said Joe Gail Duncan had a sexual relationship and she sold him the pictures of her daughter to supplement her drug habit.

 "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 103 S.Ct. 2317. Duncan claims the affidavit's silence, as to *when* the informant sold the photographs to Duncan or when she last saw them in his truck, denies the affidavit the necessary facts to establish probable cause. We conclude, however, that the finding of probable cause is supported by the statements in the affidavit that Folmer sold the items to Duncan and that Duncan's practice is to keep them in his truck as stated, given the recitation of contextual facts indicating that the information is reliable.

Where facts and circumstances within the knowledge of a police officer, arising from a reasonably trustworthy source, would warrant a man of reasonable caution in the belief that items of contraband or evidence of a crime may presently be found in a specified place, there is probable cause to issue a warrant to search that place.

*Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim.App.1986).

 Magistrates, in determining whether an affidavit supports a finding of probable cause, may make reasonable inferences from the statements made in the affidavit, and warrants should not thereafter be invalidated through an appellate court's hypertechnical analysis. *Gates*, 462 U.S. at 236, 103 S.Ct. 2317; *Gibbs*, 819 S.W.2d at 830.

In this case, Folmer personally sold the photographs to Duncan and observed his practice of keeping them in his truck. Affording great deference to the issuing magistrate's determination, we hold the affidavit was sufficient to establish probable cause. We conclude the information contained within the four corners of the affidavit, under the totality of the circumstances, provides a substantial basis on which the issuing magistrate could have found probable cause.

 The trial court was thus within its discretion in overruling Duncan's motion to suppress the evidence found in his truck.[1]

1. The State seeks to support the search on the

basis of the automobile exception to the pro-

*(2) The Trial Court Was Within Its Discretion in Admitting Duncan's Statement*

Duncan asserts his statement was involuntarily made because he was intoxicated at the time. Though, at the pretrial hearing on his motion to suppress the statement, Duncan testified he had consumed many beers in the hours leading up to his statement, and thus does not remember significant portions of the statement process, officers testified Duncan did not appear to be intoxicated at the time. We defer to findings of fact made by the trial court when there is conflicting evidence.

▮ An appellate court reviews a trial court's ruling on a motion to suppress for abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App.1999); *Maysonet v. State,* 91 S.W.3d 365, 369 (Tex.App.-Texarkana 2002, pet. ref'd). A trial court abuses its discretion when it acts unreasonably or arbitrarily, if it acts outside the zone of reasonable disagreement, or if its decision is made without reference to guiding rules and principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990). As the finder of historical fact, the trial court is free to believe or disbelieve the testimony or evidence from any witness, even if that witness' testimony or a piece of evidence is otherwise not controverted by the opposing side. *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000). As the evidence conflicted on whether Duncan was intoxicated when he gave his statement, the trial court was within its discretion in admitting the statement.

hibition of a warrantless search. The "automobile exception" authorizes an officer to conduct a warrantless search of an automobile as long as the officer reasonably believes (1) there is probable cause to believe that a crime has been committed, (2) there is contraband located in the vehicle, and (3) "it is not practicable to secure a warrant because

We affirm the judgment of the trial court.

the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Chambers v. Maroney,* 399 U.S. 42, 48–49, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Amos v. State,* 819 S.W.2d 156, 160–61 (Tex.Crim.App.1991). Here, a warrant was obtained, so the third requirement is not met.