In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00032-CR


______________________________




JAMES EDWARD LEE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 32985-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 After the trial court denied James Edward Lee's pretrial motion to suppress evidence, Lee
pled guilty to the trial court and (without the benefit of a negotiated plea agreement) was sentenced
to four years' imprisonment. Lee contends the trial court abused its discretion by finding that the
arresting officer had probable cause to stop Lee's vehicle for a suspected traffic violation. In the
same point, Lee argues that no valid consent to search was given. For the reasons set forth below,
we affirm the trial court's judgment.

I. The Initial Detention

 Lee contends the trial court erred by concluding that the initial traffic stop of his vehicle was
supported by probable cause. 

 A. The Standard of Review

 We review a trial court's ruling on a motion to suppress evidence under an abuse of discretion
standard. Duncan v. State, 182 S.W.3d 409, 415 (Tex. App.--Texarkana 2005, no pet.) (citing Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Maysonet v. State, 91 S.W.3d 365, 369 (Tex.
App.--Texarkana 2002, pet. ref'd)). "The test for determining whether an abuse of discretion
occurred is not whether the facts present an appropriate case for the trial court's action; rather, the
test is whether the trial court acted without reference to any guiding rules and principles, or in other
words, acted in an arbitrary and unreasonable manner." Malone v. State, 163 S.W.3d 785, 793 (Tex.
App.--Texarkana 2005, pet. ref'd) (citing Roise v. State, 7 S.W.3d 225, 233 (Tex. App.--Austin
1999, pet. ref'd)).

 In a suppression hearing, the trial court is the sole trier of fact and judge of witnesses'
credibility and the weight to be given their testimony. State v. Dixon, 151 S.W.3d 271, 274 (Tex.
App.--Texarkana 2004), aff'd, 206 S.W.3d 587 (Tex. Crim. App. 2006). We must review the
evidence in the record in the light most favorable to the trial court's ruling. State v. Ballard, 987
S.W.2d 889, 891 (Tex. Crim. App. 1999). In reviewing the record from the trial court, "we afford
almost total deference to the trial court's determination of historical facts that the record supports,
especially when the fact findings are based on an evaluation of the witnesses' credibility and
demeanor." Freeman v. State, 62 S.W.3d 883, 886 (Tex. App.--Texarkana 2001, no pet.) (citing
State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997)). However, "[w]e review de novo the court's application of the law of search
and seizure to those facts." Id. (citing Ross, 32 S.W.3d at 856). If, as is the case here, the trial court
files no written findings of fact and conclusions of law, we will assume the trial court made implicit
findings of fact that support the court's ruling "as long as those findings are supported by the record." 
Id. Moreover, if the trial court's decision is correct under any theory of law applicable to the case,
we will affirm the trial court's denial of the movant's motion to suppress. Id. (citing Ross, 32 S.W.3d
at 856).

 B. The Evidence Presented at Trial

 Only one witness testified at the hearing on Lee's motion to suppress: the arresting officer,
Gary Robinson of the Gladewater Police Department. Robinson was on routine patrol during the
night shift of July 30, 2004, when he drove by a particular residence on Melba Street in Gladewater
that the officer believed to be a location where methamphetamine was sold. Robinson saw two
people sitting inside a parked, maroon Oldsmobile; the car's interior lights were turned on. Robinson
continued past the residence and stopped approximately one-quarter mile down the road. He
"blacked out" his patrol unit and waited there for the maroon Oldsmobile to leave the suspected drug
house. 

 The maroon Oldsmobile did eventually leave the residence, being driven down the street
toward the location of Robinson's parked, "blacked out" patrol vehicle. When the driver of the
Oldsmobile got to the intersection in front of Robinson's car, he stopped at the designated four-way
stop sign; thereafter, the driver turned on the vehicle's turn signal and turned eastbound onto another
street. Robinson later observed the driver of the Oldsmobile again approach an intersection, stop
the vehicle at the designated point, and only thereafter turn on the vehicle's turn signal to indicate
an intended change of direction. Robinson subsequently made a traffic stop of the maroon
Oldsmobile. The driver of the vehicle, identified in court as Lee, later gave Robinson consent to
search the Oldsmobile. During that search, Robinson found the methamphetamine of which Lee was
convicted of possessing. 

 C. Application of Law to Facts

 The driver of an automobile is required to "use the signal authorized by Section 545.106 to
indicate an intention to turn, change lanes, or start from a parked position." Tex. Transp. Code
Ann. § 545.104(a) (Vernon 1999). "An operator intending to turn a vehicle right or left shall signal
continuously for not less than the last 100 feet of movement of the vehicle before the turn." Tex.
Transp. Code Ann. § 545.104(b) (Vernon 1999). 

 Lee would now have us read Article 545.104 to mandate the use of a turn signal only when
an operator is turning his or her vehicle while that vehicle is continuously moving without stopping;
but if, according to Lee's theory on appeal, the vehicle will be turning after it comes to a stopped
position, the statute should not require the operator to have previously signaled his or her intent to
turn for the requisite 100 feet. Lee's construction of the statute is not, however, supported by the
plain language of the Legislature's wording. We reach this conclusion because the statute contains
no wording to adopt Lee's proposed exception--that a vehicle which is stopping at a stop sign need
not signal a change of direction--nor is there any suggestion that the Legislature intended to ingraft
Lee's proposed excepted conduct into the otherwise plain wording of this statute. Nor has Lee
directed our attention to any other portion of the Texas Transportation Code that provides for Lee's
proposed exception. Indeed, the phrase "for not less than the last 100 feet of movement of the
vehicle before the turn" is clearly and unquestionably broad enough to encompass any predecessor
movement, even that movement that has ostensibly ceased via stopping at a designated stop sign or
traffic light, as long as that movement occurred within the 100 feet preceding the point at which the
driver changed the vehicle's direction. Id. (emphasis added). 

 The Fort Worth Court of Appeals has addressed a similar argument in Tucker v. State, 183
S.W.3d 501, 506-08 (Tex. App.--Fort Worth 2005, no pet.). In Tucker, the defendant challenged
the officer's ability to observe the driver's failure to signal for 100 feet before the turn. However, the
evidence showed the defendant, as in this case, signaled his turn only after arriving at the stop sign. 
The Fort Worth court found probable cause existed for the officer to stop the vehicle since the
defendant violated the law by failing to signal a turn as required. Tex. Transp. Code Ann.
§§ 545.104, 545.106 (Vernon 1999); Tucker, 183 S.W.3d at 507. We overrule Lee's first point of
error.

II. The Validity of Lee's Consent

 In a second part of the point of error, Lee contends his conduct of "consenting" to Robinson's
request to search was not validly given consent; instead, Lee contends that his response to the request
was ambiguous and that he was merely acquiescing to Robinson's exercise of authority. 

 Robinson testified that he asked Lee if he had any illegal items in his vehicle such as "guns
or narcotics," which Lee denied. When Lee was asked by Robinson, "Do you mind if I take a look?"
he responded by saying, "no." A search of the vehicle revealed the illegal substance. No evidence
contradicted this testimony; after hearing the evidence, the trial court determined that consent was
freely and voluntarily given. We grant almost total deference to the trial courts' determinations when
they are based on an evaluation of credibility and are supported by the record. No error has been
shown in the trial court's determination that Lee's consent was freely and voluntarily given. See
Masterson v. State, 155 S.W.3d 167, 170 (Tex. Crim. App. 2005).

III. Conclusion

 For the reasons stated, we overrule Lee's sole point of error and affirm the trial court's
judgment.


 Jack Carter

 Justice



Date Submitted: July 30, 2007

Date Decided: August 10, 2007



Do Not Publish