**James F. BRIDGES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56647.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 20, 1978.

Ben D. Sudderth, Comanche, for appellant.

Lynn Ingalsbe, Dist. Atty., Abilene, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

DOUGLAS, Judge.

James Bridges appeals from his conviction of aggravated robbery. The court, after finding that appellant had twice before been convicted of felony offenses, assessed punishment at life.

Appellant, in his sole ground of error, contends that the search warrant is invalid because it did not sufficiently describe the premises to be searched. The sufficiency of the evidence is not challenged.

On December 5, 1976, shortly before 8:00 p. m., David Smedley of the L & L Service Station in Abilene was robbed. Smedley was able to give police officers a description of the getaway car and the license plate number. Shortly thereafter, police arrested appellant at his residence at 2134 Hardy Street in Abilene. As appellant was placed under arrest, officers observed torn-up checks, made out to the L & L Service Station, on the floor. The officers then went before a magistrate to obtain a search warrant to search the house. A warrant

was issued and executed. The officers seized various items used or taken in the robbery. The affidavit, which is incorporated in the warrant, describes the place to be searched as a "pink wood frame building having white trim located at 2134 Hardy" in Taylor County, Texas. It also indicates that the City of Abilene police officers had arrested appellant at that location and had just left there with the obvious intent of obtaining a search warrant.

Bridges argues that the description of the house is inadequate because it fails to specify the town in which 2134 Hardy is located. In response to repeated questioning on cross-examination, one of the officers who executed the warrant stated that he did not know if there was a 2134 Hardy address in several other communities in Taylor County.

Several of our previous cases bear directly on the issue before us. In *Cruze v. State*, 114 Tex.Cr.R. 450, 25 S.W.2d 875 (1930), we held that a warrant which authorized the search of the residence and buildings "occupied by P. C. Cruze" in "Robertson County, Texas" was sufficient. In *Helton v. State*, 164 Tex.Cr.R. 488, 300 S.W.2d 87 (1957), we were confronted with a warrant that described the place to be searched as a "residence" located in Dallas County at "719 Bonnie View." The divided Court in *Helton* overruled *Cruze* and held that the warrant was invalid because it did not specify in which city, in Dallas County, Bonnie View was located. *Helton* was written before *Ex Parte Flores*, 452 S.W.2d 443 (Tex. Cr.App.1970). *Flores* involved a warrant to search "Fred's R C Paint & Body Shop on the west side of Josephine Street in the 600 block directly behind 1501 Leopard Street" in Nueces County, Texas. The Court in *Flores* held this description was sufficient since the record failed to indicate that such a building existed anywhere in Nueces County except Corpus Christi. The Court disposed of *Helton* by simply stating that it was "distinguishable under the facts."

It is difficult, if not impossible, to reconcile *Helton* and *Flores*. Both "719 Bonnie View" and "Fred's R C Paint & Body Shop" probably existed only in one place in the county. Any difference in the degree of that probability would be speculative.

Our law concerning search warrants has two goals: to ensure that there is adequate probable cause to search and to prevent the mistaken execution of the warrant against an innocent third party. This second goal is met when the warrant identifies the place to be searched sufficiently so that the officers who execute the warrant, acting as reasonable men, can locate that place and identify it from other places in the community. This goal is not furthered by rigid application of rules requiring a warrant to contain certain descriptive elements such as the name of the city. Article 18.04, V.A.C.C.P., does not set forth a list of required descriptive elements. We are convinced that the rights of society and of the innocent third party can best be protected by evaluating each search warrant individually. To the extent that *Helton* can be read to absolutely require that a warrant name the city in which the place to be searched is located, it is overruled.

In the instant case, the appellant was arrested in his house. The police officers made observations which gave them probable cause to suspect physical evidence was present in the house. The officers took this information to a magistrate who issued a search warrant that described the house to be searched by its street address, color, type of construction, county and state. The officers then returned to that house, conducted a search and seized the complained of items. There was no reasonable probability that the officers would search any place other than the intended house. The warrant was sufficient.

There is no reversible error. The judgment is affirmed.