In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00147-CR
______________________________


JOE GAIL DUNCAN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. CR03-189


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Daphne Folmer, Joe Gail Duncan's girlfriend, was in jail. While there, Folmer told
authorities that Duncan kept in his pickup truck pornographic photographs of her minor daughter,
that Folmer had sold these photographs to Duncan, and that he also kept in the truck similar
photographs of other minor females. On the basis of Folmer's report, officers sought and were issued
a warrant to search Duncan's truck. That search turned up child pornography, which was ultimately
used as evidence in Duncan's trial for sexual performance by a child. Duncan gave a statement to
officers, which was also used as evidence at trial. Duncan pled guilty, and the jury assessed his
punishment at fifteen years' imprisonment. On appeal, Duncan challenges the admissibility of his
statement and of the evidence found in his truck. We affirm the judgment of the trial court because
we hold the trial court was within its discretion in (1) denying the motion to suppress the evidence
recovered from Duncan's truck and (2) admitting Duncan's statement.
(1)  The Trial Court Was Within Its Discretion in Denying the Motion To Suppress the Evidence 
 Recovered from Duncan's Truck
            Duncan challenges the search warrant with a three-pronged attack, asserting that the affidavit
used to obtain the warrant did not describe the location of the vehicle to be searched, did not recite
when Folmer sold the pictures to Duncan, and did not indicate when Folmer last saw the pictures in
Duncan's truck. We hold the warrant was properly issued because the warrant affidavit sufficiently
(a) described Duncan's truck and (b) stated facts providing probable cause to believe contraband was
in the truck.
            In determining whether an affidavit provides probable cause for issuance of a search warrant,
we are limited to the four corners of the affidavit; but "we do not place blinders on the process
whereby a neutral and detached magistrate must decide whether there are sufficient facts stated to
validate the issuance of a proper warrant." Gibbs v. State, 819 S.W.2d 821, 830 (Tex. Crim. App.
1991). The affidavit itself should be interpreted in a common-sense and realistic manner, and the
reviewing magistrate may draw reasonable inferences from the statements made in the affidavit. Id. 
We should pay great deference to a magistrate's determination of probable cause and should not
invalidate warrants through hypertechnical interpretation of the supporting affidavits. Illinois v.
Gates, 462 U.S. 213, 236 (1983) (citing Spinelli v. United States, 393 U.S. 410, 419 (1969); United
States v. Vantresca, 380 U.S. 102, 109 (1965)).
            In Gates, the United States Supreme Court reaffirmed the traditional standard for reviewing
an issuing magistrate's probable cause determination. The Court indicated that a warrant would be
valid so long as the magistrate had a substantial basis for issuing the warrant, concluding that, under
the totality of the circumstances, a search would uncover evidence of wrongdoing. Gates, 462 U.S.
at 236–38 (citing Jones v. United States, 362 U.S. 257, 271 (1960)). The totality of the
circumstances includes the credibility and reliability of the informant and the informant's
information, as well as the basis for the informant's knowledge. See Gates, 462 U.S. at 230–31;
Osban v. State, 726 S.W.2d 107 (Tex. Crim. App. 1986), overruled on other grounds, Heitman v.
State, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991). We affirm the trial court's ruling if the ruling
is reasonably supported by the record and is correct on any theory of law applicable to the case. 
Roberts v. State, 963 S.W.2d 894, 903 (Tex. App.—Texarkana 1998, no pet.).
            (a) The Affidavit Sufficiently Described Duncan's Truck
            Duncan claims the affidavit inadequately describes the place to be searched because it does
not indicate where Duncan's truck was to be found. We disagree and find the truck adequately
described.
            The affidavit describes the truck in this way:
1. There is in Rusk, [sic] County, Texas, a suspected place and premises described
and located as follows[:]
 
A 1999 blue GMC pickup truck bearing Texas license plates 3FSW21, registered to
Joe Gail Duncan, white/male, 4508 CR 407 S., Henderson. Said 1999 pickup truck
contains at least one briefcase and Walmart shopping bag.
 
. . . .
 
[Named informant,] Daphne Folmer described Joe Gail Duncan's pickup as a blue
GMC. Affiant is further aware that officers were able to locate the blue GMC pickup
truck and confirm the above listed registration and that it is registered to the said Joe
Gail Duncan.

The reason a warrant must "particularly describe the place to be searched" is to avoid general
warrants. Long v. State, 132 S.W.3d 443, 447 n.12 (Tex. Crim. App. 2004); Rodgers v. State, 162
S.W.3d 698, 709 (Tex. App.—Texarkana 2005, pet. granted).
Of course, "[a] search made under authority of a search warrant may extend to the
entire area covered by the warrant's description." And, when courts examine the
description of the place to be searched to determine the warrant's scope, they follow
a common sense and practical approach, not a "Procrustean" or overly technical one.
 
Long, 132 S.W.3d at 448 (citations omitted); Rodgers, 162 S.W.3d at 709. The description in the
warrant or attached affidavit must be detailed enough so the executing officer can locate the place
to be searched and distinguish it from other property, so property of innocent third parties will not
be searched. Bridges v. State, 574 S.W.2d 560, 562 (Tex. Crim. App. [Panel Op.] 1978); Etchieson
v. State, 574 S.W.2d 753, 759 (Tex. Crim. App. 1978); State v. Manry, 56 S.W.3d 806, 809 (Tex.
App.—Texarkana 2001, no pet.).
            The truck itself is well described—even down to the license plate number—so, under the
facts of this case, there was no need for the truck's location to be set out specifically in the warrant
or affidavit. Such an added requirement would serve no purpose, and the inherent mobility of a
vehicle would make satisfying such a requirement quite difficult. Even so, we note that the affidavit
in this case does provide considerable information about the truck's location: that the truck was in
Rusk County; that the truck's owner, Duncan, resided at a specified Henderson, Texas, address; and
that officers actually located the truck and verified Duncan as the registered owner of it. The
affidavit sufficiently describes the pickup truck to be searched.
            (b) The Affidavit Sufficiently Stated Facts Providing Probable Cause To Believe Contraband 
 Was in the Truck
            Duncan contends the affidavit provides no substantial basis on which the issuing magistrate 
could have determined probable cause because it fails to state when Folmer sold the photographs to
Duncan and when she last saw the photographs in Duncan's truck. We disagree, since those
omissions do not undermine probable cause in this case.
            In this regard, the affidavit states,
[Duncan], on or about the 2nd day of July, 2003, in Rusk County, Texas did then and
there intentionally and knowingly possesses [sic] and conceal [child pornography].
 
. . . .
Affiant has probable cause for said belief by reason of the following facts[:] Affiant
is an investigator for the Rusk County Sheriff's Department, Henderson, Texas. 
Affiant is a certified peace officer under the laws of the State of Texas and has been
a certified peace officer for the past 3 years.
 
Affiant has received information within the past 24 hours from Daphne Folmer,
white/female, that the said Daphne Folmer had sold Joe Gail Duncan nude
photographs for [sic] her 13 year old daughter, [F.S.] and that Joe Gail Duncan keeps
the photographs in a briefcase and Wal-Mart bag inside his pickup truck which is
described above.
 
Affiant believes Daphne Folmer to be a truthful person because Affiant has
interviewed Daphne Folmer concerning a pending criminal case and she has not only
admitted her involvement to Affiant, she personally showed Affiant and other
officers the location of similar photographs in her house. Daphne Folmer told
Affiant that she and the said Joe Gail Duncan had a sexual relationship and she sold
him the pictures of her daughter to supplement her drug habit.
 
            "The task of the issuing magistrate is simply to make a practical, common-sense decision
whether, given all the circumstances set forth in the affidavit, . . . there is a fair probability that
contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. 
Duncan claims the affidavit's silence, as to when the informant sold the photographs to Duncan or
when she last saw them in his truck, denies the affidavit the necessary facts to establish probable
cause. We conclude, however, that the finding of probable cause is supported by the statements in
the affidavit that Folmer sold the items to Duncan and that Duncan's practice is to keep them in his
truck as stated, given the recitation of contextual facts indicating that the information is reliable.
Where facts and circumstances within the knowledge of a police officer, arising from
a reasonably trustworthy source, would warrant a man of reasonable caution in the
belief that items of contraband or evidence of a crime may presently be found in a
specified place, there is probable cause to issue a warrant to search that place. 

Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986).
            Magistrates, in determining whether an affidavit supports a finding of probable cause, may
make reasonable inferences from the statements made in the affidavit, and warrants should not
thereafter be invalidated through an appellate court's hypertechnical analysis. Gates, 462 U.S. at
236; Gibbs, 819 S.W.2d at 830.
            In this case, Folmer personally sold the photographs to Duncan and observed his practice 
of keeping them in his truck. Affording great deference to the issuing magistrate's determination,
we hold the affidavit was sufficient to establish probable cause. We conclude the information
contained within the four corners of the affidavit, under the totality of the circumstances, provides
a substantial basis on which the issuing magistrate could have found probable cause.
            The trial court was thus within its discretion in overruling Duncan's motion to suppress the
evidence found in his truck.



(2) The Trial Court Was Within Its Discretion in Admitting Duncan's Statement
            Duncan asserts his statement was involuntarily made because he was intoxicated at the time. 
Though, at the pretrial hearing on his motion to suppress the statement, Duncan testified he had
consumed many beers in the hours leading up to his statement, and thus does not remember
significant portions of the statement process, officers testified Duncan did not appear to be
intoxicated at the time. We defer to findings of fact made by the trial court when there is conflicting
evidence.
            An appellate court reviews a trial court's ruling on a motion to suppress for abuse of
discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Maysonet v. State, 91
S.W.3d 365, 369 (Tex. App.—Texarkana 2002, pet. ref'd). A trial court abuses its discretion when
it acts unreasonably or arbitrarily, if it acts outside the zone of reasonable disagreement, or if its
decision is made without reference to guiding rules and principles. Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990). As the finder of historical fact, the trial court is free to
believe or disbelieve the testimony or evidence from any witness, even if that witness' testimony or 
a piece of evidence is otherwise not controverted by the opposing side. State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000). As the evidence conflicted on whether Duncan was intoxicated
when he gave his statement, the trial court was within its discretion in admitting the statement.
 
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 29, 2005
Date Decided:             December 9, 2005

Publish