Affirmed and Opinion filed August 19, 2008








Affirmed and Opinion filed August 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01092-CV

______

 

IN RE SEIZURE OF GAMBLING PROCEEDS
AND DEVICES

 

 

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1397130

 



 

O P I N I O N

In this case, appellants Abelardo Jasso (AJasso@) and Emerald Coast
Exchange (AEmerald Coast@) ask us to
determine whether, under Article 18.18(b) of the Code of Criminal Procedure,
the State=s seizure of gambling devices and proceeds must be
pursuant to a search warrant before the State may seek forfeiture of the
property when the property=s possessor was not convicted of an
offense.  We hold that a search warrant is not required for the State to
initiate a forfeiture proceeding under Article 18.18(b) when officers enter a
gaming establishment with the owner=s consent and
there is probable cause for seizure of the property.  Therefore, we affirm the
trial court=s judgment.

I.        Factual
and Procedural Background

On February 28, 2006, the City of Galena Park Police
Department seized thirty-seven game machines and $9,049.00 in cash from a game
room on Federal Road in Galena Park, Harris County, Texas, known as AAbel=s Game Room.@  The following
August, the State filed an original petition for forfeiture, claiming that the
game machines, commonly known as Aeight-liner@ machines, were
gambling devices[1]
and that the cash was gambling proceeds.  The following affidavit, attached to
the State=s petition, explained the circumstances surrounding
the seizure of the property:








My name is
Assistant Chief R. D. Bates[.]  I am a Peace Officer employed by the Galena
Park Police Department.  On February 28, 2006, information was received from a
reliable source, Joe Ayala, the Chief of Police at the Jacinto City Police
Department, that an illegal gambling operation was being run at 1833 Federal
Road, Galena Park, Harris County, Texas.  I proceeded to that location and
approached the front door.  The front door was found to be opened but the
burglar bar door was shut and locked.  Chief R. C. Pruett, with the Galena Park
Police Department, called out to get someone to come to the door.  Mrs.
Palomino, later found to be an employee of the game room, and Mr. Abelardo Jasso,
later found to be the owner and operator of the game room, approached the
door.  Mr. Jasso was asked what was going on at the location and he advised he
was running a game room.  Chief Pruett asked Mr. Jasso if they could come in
and he and Mrs. Palomino unlocked the burglar bars and let them in.  Mr. Jasso
led the officers to the back where officers observed approximately twelve
patrons playing eight liner machines.  Asst. Chief Bates took several
individuals from the game room to the Galena Park Police Station and took sworn
statements from them regarding the game room.  Several of the witnesses stated
those who worked in the game room would pay customers in cash.  From the
investigation it was determined that illegal Gambling Devices were being utilized
at the location, a game room known as AAbel=s Game Room[.@]  This is a
gambling offense as defined in Chapter 47 of the Texas Penal Code.  The
thirty-seven (37) Video Gambling Devices, as listed in Attachment AA@ and incorporated
herein for all intents and purposes, along with the listed monies $9,049.00 in
U.S. currency, [were] found inside the said Gambling Devices, inside of bank
bags and a cash box all at the location.  Since the gambling devices have been
in the custody of the Galena Park Police Department Asst. Chief Bates and
Galena Park Police Officer J. T. Morton have played all thirty-seven (37) of
the devices and all of them pay ou[t] more than ten to one odds.  Said location
was under the care, custody, and control of Abelardo Jasso, at the previously
mentioned location.

In its
petition, the State also averred that, after the property was seized, the
charge against Jasso for keeping a gambling place was dismissed.  

Jasso answered with a general denial and requested that the
$9,049.00 be returned to him.  Emerald Coast, claiming ownership of the game
machines, also answered and requested that the game machines be returned to it.

In October, the trial court held an evidentiary hearing at
which Assistant Chief Bates testified to much of the same information that was
in his affidavit and provided additional details of the circumstances
surrounding the seizure of the property.  Bates also was cross-examined by both
Jasso and Emerald Coast.  No other witnesses were offered by any party.  At the
conclusion of the testimony, the parties argued whether the forfeiture action
was appropriately brought under Article 18.18 of the Code of Criminal Procedure
because a search warrant was not obtained before the property was seized. 
After taking the matter under advisement, the trial court reconvened the
hearing and ruled in favor of the State.








On October 23, 2006, the trial court memorialized its
ruling in an order directing that the thirty-seven gambling devices and the
$9,049.00 in cash were forfeited to the State.[2] 
On January 25, 2007, the trial court signed a AFinal Judgment of
Forfeiture@ specifically ordering that the gambling devices and
currency were forfeited pursuant to Article 18.18 of the Texas Code of Criminal
Procedure.  This appeal followed.

II.       Analysis
of the Issue

In a single issue, Jasso and Emerald Coast contend that the
trial court erred in forfeiting the game machines and cash under Article
18.18(b) of the Code of Criminal Procedure because there was no search
warrant.  Chapter 18 of the Code, entitled ASearch Warrants,@ provides for the
disposition of gambling paraphernalia, prohibited weapons, criminal
instruments, and other contraband when, as here, no prosecution or conviction
follows the seizure of the property:

If there is no
prosecution or conviction following seizure, the magistrate to whom the return
was made shall notify in writing the person found in possession of the alleged
gambling device or equipment, altered gambling equipment or gambling
paraphernalia, gambling proceeds, prohibited weapon, obscene device or
material, child pornography, scanning device or re‑encoder, criminal
instrument, or dog‑fighting equipment to show cause why the property
seized should not be destroyed or the proceeds forfeited.  The magistrate, on
the motion of the law enforcement agency seizing a prohibited weapon, shall
order the weapon destroyed or forfeited to the law enforcement agency seizing
the weapon, unless a person shows cause as to why the prohibited weapon should
not be destroyed or forfeited.  A law enforcement agency shall make a motion
under this section in a timely manner after the time at which the agency is
informed in writing by the attorney representing the state that no prosecution
will arise from the seizure.








Tex. Code Crim. Proc. art. 18.18(b).  

Jasso and Emerald Coast contend that, in Hardy v. State,
the Texas Supreme Court held that a search warrant is required to precede a
forfeiture under Chapter 18 of the Code, citing the following language:  AIn order to
initiate a forfeiture proceeding, the State must obtain a search warrant based
on a sworn affidavit averring sufficient facts to satisfy the issuing
magistrate that probable cause does in fact exist for its issuance.@  See 102
S.W.3d 123, 127 (Tex. 2003).  Thus, they argue, because no search warrant was
obtained here, the property may not be forfeited under Chapter 18.  

The State responds that the language cited in Hardy
is not dispositive because it is not the holding of the case, but is merely an
explanation of the usual manner in which gambling devices or proceeds are
forfeited under Article 18.18.  Further, the State contends, no search warrant
was required in this case because the officers had consent to enter the game
room, and the State demonstrated that it had probable cause to seize the
property.  As we explain below, we agree with the State.

A.      The Hardy
Case Does Not Hold that a Warrant is Required

In Hardy v. State, the State seized twenty eight-liner
machines while executing a search warrant at the Hardys= place of
business.  Id. at 124.  The Hardys filed a petition for the return of
the machines, but after an evidentiary hearing, the trial court found that the
seized eight-liners were illegal gambling devices and ordered their
forfeiture.  Id. at 124-25.  The court of appeals affirmed the trial
court=s judgment.  Id.
at 125.  On review, the issues before the Supreme Court were (1) which party
bears the burden of proof in a civil forfeiture proceeding involving alleged
gambling devices, and (2) whether an eight-liner that awards tickets
exchangeable for either gift certificates or cash used for play on another
machine satisfies the exclusion to the definition of Agambling device@ in section
47.01(4)(B).  See id.








Addressing the first issue concerning which party has the
burden of proof, the Hardy Court began by explaining that a civil
forfeiture proceeding under Chapter 18 of the Code of Criminal Procedure is an
in rem proceeding against the property itself, not the owner, and does not
involve the conviction of the owner or possessor of the property seized.  Id.
at 126B27.  The Court
went on to explain:

A forfeiture proceeding begins when
the State presents an affidavit to a magistrate and ends after a show cause
hearing in which the magistrate determines whether the seized property should
be destroyed or forfeited.  In order to initiate a forfeiture proceeding, the
State must obtain a search warrant based on a sworn affidavit averring Asufficient facts
... to satisfy the issuing magistrate that probable cause does in fact exist
for its issuance.@  TEX. CODE CRIM. PROC. art. 18.01(b). 
The affidavit underlying the search warrant is public information, and the
magistrate=s clerk must make a copy of the affidavit available
for public inspection.  Id.  After the magistrate issues the search
warrant, the State executes the warrant by conducting a search and seizure of
the property.  Id. arts. 18.06, .09.

Id. at 127.  This
language was not a part of the holding of Hardy.  It was simply a
discussion of the procedures generally followed in a forfeiture action under
Article 18.18.  








In resolving the issue before it, the Hardy Court=s holding was
that, under the statutory scheme in Article 18, the State=s initial burden
is satisfied to the extent it establishes probable cause for seizing the person=s property.  Id.
at 129.  The Court went on to explain that, A[o]nce the State
has established probable cause to initiate a forfeiture proceeding, the State
has met its burden under article 18@ and the burden
then shifts to the claimant to prove that the property is not subject to
forfeiture under Article 18.18(f).[3] 
Id.  The Hardy case did not purport to address the situation in
which alleged contraband is seized without a warrant and the State subsequently
seeks to have that contraband forfeited.

Here, the eight-liners and cash were properly recovered after
the officers entered the business with Jasso=s voluntary
consent.  See Gutierrez v. State, 221 S.W.3d 680, 688 (Tex. Crim. App.
2007) (holding that consent exception to warrant requirement applied when
appellant voluntarily consented to officers= entry and search
of home); State v. Haley, 811 S.W.2d 597, 599B600 (Tex. Crim.
App. 1991) (employees gave investigator and officer consent to enter business,
and contraband evidence was then properly seized under Aplain view@ doctrine).  The
consent exception to the warrant requirement has been applied in at least two
cases involving earlier versions of the statutes covering the seizure and
forfeiture of gambling devices.  See Meador v. State, 151 Tex. Crim. 53,
204 S.W.2d 628, 631 (1947) (holding that lack of search warrant did not make
evidence of gambling inadmissible when officers searched appellant=s residence with
appellant=s consent or invitation); San Angelo Country Club
v. State, 210 S.W.2d 855, 857 (Tex. Civ. App.CAustin 1948, no
pet) (holding seizure of gambling devices without search warrant was legal when
custodian consented to officers= entry by voluntarily unlocking game room
and showing officers the machines). 

Here, Jasso does not dispute that he voluntarily consented
to the officers= entry and directed them to the back of
the game room where customers were playing the eight-liner machines.  Thus, no
warrant was required because the officers entered the game room with Jasso=s voluntary
consent.

B.      Neither
Chapter 18 Nor Article 18.18(b) Mandate a Search Warrant

Further, we do not agree with Jasso and Emerald Coast that,
under Article 18.18(b), the lack of a search warrant precludes the State from
seeking the forfeiture of illegal property.  Nothing in the language of Chapter
18 or Article 18.18 mandates that the State obtain a warrant before it may
initiate a forfeiture action, and to hold otherwise would be contrary to the
intent and purpose behind the article.








1.       Standard
of Review

The construction of a statute is a question of law, which
we review de novo.  F.F.P. Operating Partners, L.P. v. Duenez, 237
S.W.3d 680, 683 (Tex. 2007).  In construing a statute, our primary objective is
to determine the Legislature=s intent, which, when possible, we discern
from the plain meaning of the words chosen.  State v. Shumake, 199
S.W.3d 279, 284 (Tex. 2006); see also State v. Silver Chevrolet Pickup
140 S.W.3d 691, 693B94 (Tex. 2004) (per curiam) (on review of
civil forfeiture proceeding under Texas Code of Criminal Procedure Chapter 59,
stating that the Amost important rule of statutory
construction@ is Athat the court must give effect to
legislative intent@ and the principle that forfeitures are
strictly construed does not prevent a court from considering the purpose of a
statutory provision).  We presume that every word of a statute was used for a
purpose, and, likewise, that every word excluded was excluded for a purpose.  Cameron
v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981).  We must
consider the statute as a whole rather than its isolated provisions.  Helena
Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); Cont=l Cas. Ins. Co. v.
Functional Restoration Assocs., 19 S.W.3d 393, 398 (Tex. 2000). 








In determining legislative intent, we may examine old law,
the evil to be corrected, and the object to be obtained.  Barshop v. Medina
County Underground Water Conservation Dist., 925 S.W.2d 618, 629 (Tex.
1996); see also Tex. Gov=t Code ' 311.023.  We
presume the Legislature intended a just and reasonable result by enacting the
statute.  Helena Chem. Co., 47 S.W.3d at 493; Tex. Gov=t Code ' 311.021(3).  Courts should not read a
statute to create an absurd result.  Barshop, 925 S.W.2d at 629; Bridgestone/Firestone,
Inc. v. Glyn-Jones, 878 S.W.2d 132, 135 (Tex. 1994) (Hecht, J., concurring)
(A[I]n some
circumstances, words, no matter how plain, will not be construed to cause a
result the Legislature almost certainly could not have intended.@); McKinney v.
Blankenship, 154 Tex. 632, 282 S.W.2d 691, 698 (1955) (AUnless there is no
alternative, a statute will not be interpreted so as to lead to a foolish or
absurd result.@).  When a statute is silent about the consequences of
noncompliance, we look to the statute=s purpose to
determine the proper consequences.  Helena Chem. Co., 47 S.W.3d at 494. 

2.       Chapter 18
and Article 18.18(b)

We acknowledge that Chapter 18 contemplates the issuance of
a search warrant and describes the procedures to be followed when a search
warrant is sought to permit a law enforcement agency to seize certain property
or persons.  See Tex. Code Crim.
Proc. art. 18.01 ( requirements for search warrant); art. 18.02 (grounds
for issuance of search warrant); art. 18.04 (contents of warrant); art. 18.06
(execution of warrant); art. 18.09 (directing officer to search for and seize
property and arrest persons as directed by the warrant and take the property or
person to the magistrate).  And, Chapter 18 includes gambling devices and
proceeds among the types of property that may be seized pursuant to a search
warrant.  See id. art. 18.02(5) (AA search warrant
may be issued to search for and seize . . . gambling devices or equipment,
altered gambling equipment, or gambling paraphernalia.@).  








Article 18.01 provides, A[n]o search
warrant shall issue for any purpose in this state unless sufficient facts are
first presented to satisfy the issuing magistrate that probable cause does in
fact exist for its issuance.@  Id. art. 18.01(b).  This
requirement is consistent with the Hardy court=s holding that, in
a forfeiture action under Article 18.18, the State must satisfy a threshold
burden to establish probable cause before the burden of proof shifts to the
claimant of the property to demonstrate that the property is not subject to
forfeiture.  See Hardy, 102 S.W.3d at 129B30.  This
requirement also is consistent with the stated goals of our search warrant law,
namely (1) to ensure that there is adequate probable cause to search, and (2)
to prevent the mistaken execution of the warrant against an innocent third
party.  See Bridges v. State, 574 S.W.2d 560, 562 (Tex. Crim. App.
1978).  However, Chapter 18 contains no language requiring that a search
warrant issue before property may be seized or persons may be arrested pursuant
to its provisions, and it does not prohibit the forfeiture of property obtained
through a proper search and seizure conducted without a warrant when the State
has demonstrated probable cause.  Nor does Chapter 18 provide for any penalty
for failing to obtain a warrant. 

Similarly, Article 18.18(b), in setting out the procedures
to be followed in a forfeiture action when there is no prosecution or
conviction following the seizure of property, imposes no warrant requirement on
the State.  We acknowledge that Article 18.18(b) contains some language that
presupposes the execution of a search warrant before the forfeiture proceeding
is initiated.  See Tex. Code
Crim. Proc. art. 18.18(b) (providing that, when there is no prosecution
or conviction following seizure, Athe magistrate to
whom the return was made shall notify in writing the person found in
possession of the alleged gambling device . . . [or] gambling proceeds . . . to
show cause why the property seized should not be destroyed or the proceeds
forfeited@) (emphasis added).  However, Article 18.18(b)
contains no language requiring that a warrant have been executed before the
State may initiate a forfeiture action.  Nor does it expressly prohibit the
State from seeking forfeiture if no warrant was obtained or otherwise penalize
the State for failing to obtain a warrant.  It merely sets out the procedures
for notice and the opportunity for a hearing to allow persons who were not
prosecuted for or convicted of one of the offenses listed in Article 18.18(a)
to demonstrate that the property or proceeds seized should not be destroyed or
forfeited.  See id. art.
18.18(b)B(f); State v.
Dugar, 553 S.W.2d 102, 104 (Tex. 1977) (determining legislative intent to
be that Article 18.18(b)B(f) provide the authority for forfeitures
in all cases not covered by Article 18.18(a)); Burnom v. State, 55
S.W.3d 752, 753B54 (Tex. App.CHouston [14th
Dist.] 2001, no pet.) (applying reasoning of Dugar to hold that when
property owner was convicted of an offense not enumerated in Article 18.18(a),
the contraband may be forfeited under the authority of Article 18.18(b)).








The apparent intent of the Legislature in enacting Chapter
18 was to provide for the seizure of certain illegal property and the arrest of
criminally responsible persons through the use of a properly obtained search
warrant to enforce the law and to protect the general public from criminal
enterprises.  Consistent with this intent, Article 18.18 is directed
specifically to the disposition of gambling paraphernalia, prohibited weapons,
criminal instruments, and other contraband.  Under Article 18.18(a), if a
person is convicted of possession of a gambling device or equipment (or one of
the other enumerated offenses), the judgment of conviction is to be accompanied
by an order that the related property be destroyed or forfeited to the State.  See
Tex. Code Crim. Proc. art.
18.18(a).[4] 
Article 18.18(b) authorizes the State to seek forfeiture of illegal gambling
devices and proceeds even when no conviction of a person is obtained, but it
provides a procedure by which the possessor of the alleged gambling devices or
proceeds may demonstrate that the property should not be forfeited.  The intent
reflected in these provisions is to remove from society the instrumentalities
and proceeds of criminal enterprises.  See Dugar, 553 S.W.2d at 104
(broadly construing Article 18.18(b)B(f) to apply to
more situations than the literal language suggested, because to do otherwise Awould be contrary
to the basic premise of an in rem forfeiture proceeding that, while the
possessor may not be guilty of any criminal offense, the property seized is of
such a nature that it should be destroyed or confiscated by the State.@).  Further, the
State is prevented from removing such property from society only when a person
not convicted or prosecuted of an offense under Article 18.18(a) is able to
demonstrate that such property should not be destroyed or forfeited.  Nothing
in Chapter 18, and more specifically Article 18.18(b), reflects a legislative
intent to deny the State the ability to seek forfeiture of allegedly illegal
property merely because that property was properly obtained by a recognized
exception to the general requirement of a search warrant. 

To construe Article 18.18(b) to preclude the State from
seeking forfeiture of gambling devices in this case merely because the officers
entered with voluntary consent rather than a search warrant would conflict with
a legislative intent to authorize the State to confiscate or destroy illegal
gambling devices and proceeds.  See Tex.
Code Crim. Proc. art. 18.18; Dugar, 553 S.W.2d at 104 (rejecting
narrow interpretation of Article 18.18(b)B(f) to apply only
to situations where there is no conviction for any offense because then funds
that were clearly gambling proceeds could not be forfeited solely because the
State obtained a conviction for an offense that was not among those listed in
Article 18.18(a)).  Indeed, not only would such a conclusion conflict with the
legislative intent of the article, it would produce an absurd result, because
it would require officers to obtain a search warrant when none was required
solely to preserve the State=s ability in the future to seek forfeiture
of the illegal property in the event the possessor of the property is not
convicted of an offense under Article 18.18(a) or any offense at all.  We are
to avoid construing a statute to create an absurd result.  See Barshop,
925 S.W.2d at 629; Bridgestone/Firestone, Inc., 878 S.W.2d at 135
(Hecht, J., concurring); McKinney, 282 S.W.2d at 698.








Therefore, we conclude that the Legislature did not intend
to preclude the State from seeking forfeiture of gambling devices and proceeds
under Article 18.18(b) when the property was seized after the officers obtained
the possessor=s voluntary consent to enter and the possessor
directed the officers to the gambling devices.  See Gutierrez, 221
S.W.3d at 688; Haley, 811 S.W.2d at 599B600; Meador,
204 S.W.2d at 631; San Angelo Country Club, 210 S.W.2d at 857; see
also State v. Rumfolo, 545 S.W.2d 752, 755 (Tex. 1976), disapproved on
other grounds by Hardy v. State, 102 S.W.3d 123 (Tex. 2003) (in action by
State for forfeiture of gambling proceeds under Article 18.18(b), holding trial
court had sufficient evidence before it to conclude there was probable cause
for arrests and subsequent searches even though search warrant was not in
evidence).  

C.      The State
Demonstrated Probable Cause

Jasso and Emerald Coast argue that, because there was no
search warrant, there cannot, as a matter of law, be probable cause for the
seizure of the game machines and cash.  However, as we have already held, a
search warrant was not required because the officers entered the game room
where the machines were located with Jasso=s voluntary
consent.  Although Jasso and Emerald Coast do not otherwise challenge whether
the State established probable cause, we agree with the trial court that the
State established probable cause in this case.  

After the eight-liners and cash were properly recovered,
the State then sought, through its original petition and affidavit, to have
that property forfeited.  As the Hardy court held, in a forfeiture
action under Article 18, the State must satisfy its threshold burden to
establish probable cause before the burden of proof shifts to the claimant of
the property to demonstrate that the property is not subject to forfeiture.  See
Hardy, 102 S.W.3d at 129B30.  Probable cause is a reasonable belief
that a substantial connection exists between the property to be forfeited and
the criminal activity defined by the statute.  Id. at 129 (citations
omitted).  It is that link, or nexus, between the property to be forfeited and
the statutorily defined criminal activity that establishes probable cause,
without which the State lacks authority to seize a person=s property.  Id.
(citations omitted). 








Assistant Chief Bates said he was told by the Chief of
Police at the Jacinto City Police Department that an illegal gambling operation
was being run at a location on Federal Road in Galena Park.  When Bates went to
the location, which was a game room known as AAbel=s Game Room,@he found the front
door open but the burglar bar door shut and locked.  Chief Pruett, who
accompanied Bates, called for someone to come to the door, and Jasso and an
employee of the game room approached the door.  When asked what was going on
inside, Jasso stated that he was running a game room.  Pruett then asked if
they could come in, and Jasso and the employee unlocked the burglar bars and 
allowed them to enter.  Jasso then led the officers to the back where
approximately twelve patrons were playing the eight-liner machines.  In his
affidavit, Bates stated that this was a gambling offense as defined in Chapter
47 of the Texas Penal Code.  The officers also found $9,049.00 in U.S. currency
in the eight-liners and other places at the location.  Bates testified at the
hearing that he and Pruett interviewed some of the patrons, who told the
officers that they were being paid in cash, sometimes as much as $500.00.  They
also stated that they would win prizes including a 42-inch plasma TV,
computers, and CD players.  Once the patrons told him they had been paid in
cash of more than five dollars, Bates believed the machines were gambling
devices. 

Assistant Chief Bates established a substantial connection
between the property to be forfeited and the criminal activity defined by the
statute, in his affidavit and through his testimony at the hearing, thereby
establishing probable cause for the State to seize the eight-liners and the
cash.  Further, Jasso and Emerald Coast do not claim that the gaming machines
and cash seized are not gambling devices and proceeds.  Therefore, the trial
court did not err in ordering forfeiture of the property.

Conclusion

We overrule appellants= issue and affirm
the judgment of the trial court.

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered
and Opinion filed August 19, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.









[1]  The Texas Penal Code defines a Agambling device@
as:

 

any electronic, electromechanical, or mechanical
contrivance not excluded under Paragraph (B) that for a consideration affords
the player an opportunity to obtain anything of value, the award of which is
determined solely or partially by chance, even though accompanied by some
skill, whether or not the prize is automatically paid by the contrivance.  The
term:

(A) includes, but is not limited to, gambling device
versions of bingo, keno, blackjack, lottery, roulette, video poker, or similar
electronic, electromechanical, or mechanical games, or facsimiles thereof, that
operate by chance or partially so, that as a result of the play or operation of
the game award credits or free games, and that record the number of free games
or credits so awarded and the cancellation or removal of the free games or
credits;  and

(B) does not include any electronic,
electromechanical, or mechanical contrivance designed, made, and adapted solely
for bona fide amusement purposes if the contrivance rewards the player
exclusively with noncash merchandise prizes, toys, or novelties, or a
representation of value redeemable for those items, that have a wholesale value
available from a single play of the game or device of not more than 10 times
the amount charged to play the game or device once or $5, whichever is less.

 

Tex. Penal Code ' 47.01(4).





[2]  The October 23 order also contained findings of fact and conclusions of
law.  The trial court found, among other things, that the testimony offered at
the hearing was credible, that Jasso freely and voluntarily permitted the
police officers to enter the premises, and the evidence presented supported the
factual allegations in the State=s original petition for forfeiture as to the nature and
character of the eight-liners and the currency seized.  In its conclusions of
law, the trial court concluded, among other things, that Jasso freely and
voluntarily consented to the request by Chief Pruett to enter the premises,
that the devices and currency were lawfully seized, and that the State proved
by a preponderance of the evidence that the thirty-seven eight-liners were
gambling devices and the currency constituted gambling proceeds. 





[3]  Article 18.18(f) provides:

 

If a person timely appears to show cause why the
property or proceeds should not be destroyed or forfeited, the magistrate shall
conduct a hearing on the issue and determine the nature of property or proceeds
and the person's interest therein.  Unless the person proves by a preponderance
of the evidence that the property or proceeds is not gambling equipment,
altered gambling equipment, gambling paraphernalia, gambling device, gambling
proceeds, prohibited weapon, obscene device or material, child pornography,
criminal instrument, scanning device or re‑encoder, or dog‑fighting
equipment and that he is entitled to possession, the magistrate shall dispose
of the property or proceeds in accordance with Paragraph (a) of this article.

 

Tex. Code
Crim. Proc. art. 18.18(b).





[4]  Article 18.18 provides as follows:

 

(a) Following the final conviction of a person for
possession of a gambling device or equipment, altered gambling equipment, or
gambling paraphernalia, for an offense involving a criminal instrument, for an
offense involving an obscene device or material, for an offense involving child
pornography, or for an offense involving a scanning device or re‑encoder,
the court entering the judgment of conviction shall order that the machine,
device, gambling equipment or gambling paraphernalia, instrument, obscene
device or material, child pornography, or scanning device or re‑encoder
be destroyed or forfeited to the state.  Not later than the 30th day after the
final conviction of a person for an offense involving a prohibited weapon, the
court entering the judgment of conviction on its own motion, on the motion of
the prosecuting attorney in the case, or on the motion of the law enforcement
agency initiating the complaint on notice to the prosecuting attorney in the
case if the prosecutor fails to move for the order shall order that the
prohibited weapon be destroyed or forfeited to the law enforcement agency that
initiated the complaint.  If the court fails to enter the order within the time
required by this subsection, any magistrate in the county in which the offense
occurred may enter the order.  Following the final conviction of a person for
an offense involving dog fighting, the court entering the judgment of
conviction shall order that any dog‑fighting equipment be destroyed or
forfeited to the state.  Destruction of dogs, if necessary, must be carried out
by a veterinarian licensed in this state or, if one is not available, by
trained personnel of a humane society or an animal shelter.  If forfeited, the
court shall order the contraband delivered to the state, any political
subdivision of the state, or to any state institution or agency.  If gambling
proceeds were seized, the court shall order them forfeited to the state and
shall transmit them to the grand jury of the county in which they were seized
for use in investigating alleged violations of the Penal Code, or to the state,
any political subdivision of the state, or to any state institution or agency.

 

Tex. Code
Crim. Proc. art.
18.18(a).